Jacob Markowitz, J.
This is an action to recover for personal injuries. Defendant, plaintiff’s employer, at the opening of the trial, moved to dismiss the complaint on the ground that the accident arose out of and in the course of plaintiff’s employment and that plaintiff’s sole remedy was under the Workmen’s Compensation Law. In its answer the defendant has pleaded the same matter as an affirmative defense.
The salient facts are not in dispute. On February 7, 1961, plaintiff, employed as a maid by defendant residence club, finished her tour of duty shortly after 4:00 p.m., changed into her street clothes, visited with a friend at defendant’s premises for about a half hour and, as she was departing from the building at about 5:00 p.m., was caused to fall on the front steps thereof. The employer’s (defendant’s) report of the accident (Form C2) contains nothing therein to indicate that the accident happened outside the scope of plaintiff’s employment. However, the defendant’s compensation carrier on March 3, 1961, controverted the claim, stating, “ accident did not arise out of and in the course of employment. Claimant was injured after working hours ’ ’.
Hearings were scheduled and rescheduled by the Workmen’s Compensation Board for June 26,1961, August 28,1961, October 2,1961 and November 13, 1961. Claimant did not appear at any of these hearings nor did she press her claim for compensation.
In the interim, the present action which was commenced in May, 1961, having appeared on the Beady Day Calendar, the Workmen’s Compensation Board, at its November 13 hearing, marked the case closed and undetermined, pending the outcome of this action.
Plaintiff contends that defendant is estopped by the action of its compensation carrier from now contending that the accident arose out of and in the course of plaintiff’s employment.
There is nothing to indicate that the defendant itself authorized the State Insurance Fund to oppose plaintiff’s claim for compensation or that defendant itself ever took the position that the accident did not arise out of and in the course of plaintiff’s employment. In these circumstances, defendant is entitled to be heard in the compensation proceeding in opposition to the position taken by its compensation carrier (Pigott v. Field, 13 A D 2d 350). In that case, the Appellate Division of this Department recognized that the self-interest of the compensation carrier in defeating the compensation claim was in conflict with the
*950 employer’s interest in having it allowed so that the employer might escape liability in a common-law action (p. 354). Since defendant is still free, if it has not already done so, to request an opportunity to be heard in the compensation proceeding in opposition to the position taken by its compensation carrier, a claim at this time that defendant is estopped by its compensation carrier’s plea from defending this action, is premature. This case is to be distinguished from Baker v. Matthews (8 A D 2d 585) where the employer had permitted the compensation proceeding to be concluded without indicating that it opposed the contention of its compensation carrier that the accident did not arise out of or in the course of the plaintiff’s employment. It was to such a situation that the court referred when it said “the defendant may well be estopped * * * from now asserting the contrary ”.
Plaintiff’s attorney concedes that a finding by the board that the accident arose out of and in the course of plaintiff’s employment ‘ ‘ would preclude the prosecution of this suit ’ ’. He argues, however, that a contrary finding would not be binding upon this court and that therefore this court should ‘ ‘ make its own determination with respect to this issue ’ ’. The contention that such contrary finding would not be binding upon this court is erroneously based upon a citation of the Pigott case (supra). The Pigott case (supra) does not support plaintiff’s contention. The court held that the finding by the Workmen’s Compensation Board that the injuries were not incurred in the course of and out of the claimant’s employment, was not binding upon the employer in the action subsequently brought against the latter, because the lawyers for the employer’s liability carrier (as distinguished from the lawyers for the employer’s compensation carrier) had been refused permission to participate in the appeal hearing before the board, whose decision was thus ‘ ‘ ex parte ’ ’ as to the employer. The case holds only that the board’s finding would not bind an employer who requested and was refused an opportunity to be heard in opposition to the position taken by his compensation carrier.
Section 20 of the Workmen’s Compensation Law provides that the decision of the Compensation Board shall be final as to all questions of fact. It follows, therefore, that a factual determination by the court with respect to whether the accident was within the scope of plaintiff’s employment would not be binding on the board (this is conceded by plaintiff), whereas the board’s determination with respect to this same factual question would be binding on the court provided that an opportunity is afforded *951 to the employer to be heard (Pigoit v. Field, supra; Baker v. Matthews, supra).
The mere contention by defendant’s compensation carrier that the accident occurred outside the scope of plaintiff’s employment in no way prejudices plaintiff’s cause, for this is a matter that must in the first instance be determined by the board, not by the carrier. Nor does the contrary claim of defendant’s liability insurance carrier to the effect that the accident occurred within the scope of her employment prejudice the plaintiff, for in the event the board determines that it was in fact outside the scope of employment, an action against the present defendant would lie.
In either event plaintiff is adequately protected.
The compensation carrier’s contention that it is not liable does not give plaintiff a right of election as to which forum shall determine whether the accident did or did not occur in the course of her employment. Plaintiff may not voluntarily abstain from the hearings before the board and come to this court instead.
It would be but a waste of the time of the court and of all parties concerned to proceed with the trial of this action only to make a determination that would not be binding on the Compensation Board. Accordingly, plaintiff has failed to establish her right to proceed in this court at this time.
The motion to dismiss the complaint is accordingly granted, with leave to plaintiff to apply to this court for a vacatur of this dismissal in the event that the Workmen’s Compensation Board should find that the accident did not arise out of and in the course of the plaintiff’s employment.