■ MAX SPIEGLER et al., Respondents, v CITY OF NEW YORK et al., Appellants. — Order, Supreme Court, Bronx County (Alfred J. Callahan, J.), entered August 30, 1982, which denied defendants' motion to dismiss the complaint on

the grounds that the action was time barred by the applicable Statute of Limitations (CPLR 3211, subd [a], par 5), and that plaintiffs failed to state a cause of action (CPLR 3211, subd [a], par 7), or, in the alternative, for summary judgment (CPLR 3212), is unanimously modified, on the law, without costs, to the extent of granting the motion to dismiss the complaint as against the City of New York, and otherwise affirmed. ¶ In this medical malpractice action for personal injuries, plaintiff Max Spiegler alleged severe mental and physical disabilities resulting from loss of oxygen to the brain during treatment at defendant New York City Health and Hospitals Corporation (NYCHHC) North Central Bronx Hospital on or about December 5, 1980. ¶ The complaint as against the City of New York is dismissed for failure to state a cause of action against the city (CPLR 3211, subd [a], par 7) as "the city is not a proper party to this action: it has no control over NYCHHC, a separate and distinct entity." (*Brennan v City of New York,* 88 AD2d 871, affd 59 NY2d 791.) Special Term correctly determined that the Statute of Limitations is tolled during the pendency of a proceeding to obtain leave to file a late notice of claim. (*Barchet v New York City Tr. Auth.,* 20 NY2d 1; *Giblin v Nassau County Med. Center,* 61 NY2d 67.) Concur — Murphy, P. J., Kupferman, Bloom, Kassal and Alexander, JJ.