■ HELEN MARSHALL, Respondent, v COLVIN MOTOR PARTS OF LONG ISLAND, INC., Appellant.

In support of her motion for summary judgment in lieu of complaint *(see,* CPLR 3213), the plaintiff established her cause of action as a matter of law *(see, Zuckerman v City of New York,* 49 NY2d 557, 562; *Friends of Animals v Associated Fur Mfrs.,* 46 NY2d 1065, 1067-1068). "It is incontestable that plaintiff * * * prove[d] a prima facie case by proof of the note

and a failure to make payments called for by its terms" *(Seaman-Andwall Corp. v Wright Mach. Corp.,* 31 AD2d 136, 137, *appeal dismissed* 28 NY2d 716, *affd* 29 NY2d 617; *see, Ihmels v Kahn,* 126 AD2d 701; *Gateway State Bank v Shangri-La Private Club for Women,* 113 AD2d 791, 792, *affd* 67 NY2d 627; *Badische Bank v Ronel Sys.,* 36 AD2d 763).* Execution of the promissory note dated April 15, 1977, and the default in payment was established by the plaintiff's motion papers and was not denied by the defendant. Consequently, it was incumbent upon the defendant to come forward with proof of evidentiary facts showing the existence of a triable issue with respect to a bona fide defense *(see, Zuckerman v City of New York, supra,* at 560; *Ihmels v Kahn, supra; Gateway State Bank v Shangri-La Private Club for Women, supra,* at 792). This the defendant has failed to do. There is nothing of an evidentiary nature in the record to support the defendant's bare allegation of the invalidity of the note and the plaintiff's entitlement to bring suit on it. Despite the fact that this is not a case where knowledge of the facts resides solely with the movant, the defendant submits that summary judgment should have been denied in order to provide it with an opportunity to develop documentary evidence concerning the validity of the note. The mere speculation that something might be uncovered through discovery provides no basis pursuant to CPLR 3212 (f) to postpone decision on the summary judgment motion. Thompson, J. P., Brown, Weinstein and Harwood, JJ., concur.