■ In the Matter of ADAM JAMES B., a Child Alleged to be Abandoned. LITTLE FLOWER CHILDREN'S SERVICES, Respondent; PATRICIA B., Appellant.—In a proceeding pursuant to Social Services Law § 384-b to terminate parental rights, Patricia B. appeals, as limited by her brief, from so much of an order of the Surrogate's Court, Nassau County (Radigan, S.), dated June 11, 1987, as denied her separate motions (1) "to renew" argument concerning a prior order of the same court, dated September 19, 1985, which, after a hearing, terminated her parental rights with respect to her infant son, Adam James B., on the ground of abandonment, and committed the guardianship and custody of the child to the respondent Little Flower Children's Services, and (2) to remove the guardian ad litem appointed by the court to represent the child.

Ordered that the appeal from that part of the order which denied her motion to remove the child's guardian ad litem is dismissed, without costs or disbursements, as that part of the appeal was withdrawn at oral argument; and it is further,

Ordered that the order is affirmed insofar as appealed from, without costs or disbursements.

By order dated September 19, 1985, the Surrogate's Court, Nassau County (Radigan, S.), after a hearing, terminated the parental rights of Patricia B. (hereinafter the mother) with respect to her son, Adam James B., on the ground of abandonment, and committed the guardianship and custody of the infant to the petitioner Little Flower Children's Services pursuant to Social Services Law § 384-b. The mother took no appeal from this order.

Thereafter, on July 17, 1986, the mother made a "motion to renew" argument on the order, alleging that she had successfully undergone rehabilitation from her drug abuse, that two of her other children had been returned to her custody, and that she had received inadequate legal representation at the previous hearing. The Surrogate denied the motion. We now affirm insofar as appealed from.

Initially, we note that since the order dated September 19, 1985 was made after a hearing, the motion to renew was improperly brought pursuant to CPLR 2221, and was in actuality an application to vacate the prior order pursuant to CPLR 5015. In any case, the alleged new evidence presented on the motion was either before the court at the time of the prior hearing or is irrelevant and immaterial to the abandonment issue. Moreover, the mother's conclusory claim of inadequate legal representation is refuted by the record of the hearing and is patently without merit. Accordingly, the denial of her motion was appropriate. Weinstein, J. P., Rubin, Spatt and Sullivan, JJ., concur.