■ STEPHANIE POLLOCK, Individually and as Executrix of THOMAS W. POLLOCK, Deceased, Respondent, v CITY OF NEW YORK et al., Appellants.—In an action to recover damages for wrongful death, the defendants appeal from an order of the Supreme Court, Kings County (Hutcherson, J.), dated April 29, 1987, which denied their motion to dismiss the complaint for failure to state a cause of action, or alternatively, for summary judgment.

Ordered that the order is modified, on the law, by deleting the provision thereof which denied that branch of the defendants' motion which was for summary judgment dismissing the complaint, and substituting therefor a provision granting that branch of the motion; as so modified the order is affirmed, without costs or disbursements.

The plaintiff's decedent, a physician and employee of Kings County Hospital Center (hereinafter KCHC), was shot to death while on duty at the hospital premises by a former patient who was dissatisfied with surgical treatment he had received there.

Workers' Compensation Law § 11 provides the exclusive remedy for employees killed or injured in the course of their employment. However, an exception to the exclusivity of that remedy occurs where the employee's injuries arise from an intentional act of the employer intended to harm that particular employee *(see, Crespi v Ihrig,* 99 AD2d 717, *affd* 63 NY2d 716; *Ferrara v American ACMI,* 122 AD2d 930, 931). The

complaint alleges that the defendant New York City Health and Hospitals Corporation (hereinafter HHC) committed an intentional tort against the decedent, leading to his death.

In *Liss v Trans Auto Sys.* (68 NY2d 15, 20-21), the primary jurisdiction of the Workers' Compensation Board in the determination of the availability of the workers' compensation remedy was set forth as follows: "In *O'Rourke v Long* (41 NY2d 219, 228, *supra*), we held that 'where the availability of workmen's compensation hinges upon the resolution of questions of fact or upon mixed questions of fact and law, the plaintiff may not choose the courts as the forum for the resolution of such questions'. The Workers' Compensation Board thus has primary jurisdiction over the issue of the availability of coverage *(Botwinick v Ogden,* 59 NY2d 909, 911; *Peckham v Peckham Materials Corp.,* 102 AD2d 884), and a plaintiff has no choice but to litigate this issue before the Board *(Cunningham v State of New York,* 60 NY2d 248, 252; *McMillan v Notre Dame Residence Club,* 33 Misc 2d 948, 951). If a plaintiff fails to do so, the court should not express an opinion as to the availability of compensation but remit the matter to the Board *(O'Rourke v Long, supra; Gyory v Radgowski,* 89 AD2d 867, 869). The Board must be given an opportunity to find plaintiff's injuries the result of a compensable accident. The compensation claim is a jurisdictional predicate to the civil action *(O'Rourke v Long, supra,* at p 226; *McMillan v Notre Dame Residence Club, supra,* at p 951)."

Thus, in this case the proper course of action would have been for the court to remit this issue to the Workers' Compensation Board (hereinafter the Board) for a determination of whether or not the incident which resulted in the decedent's death was a compensable accident, thereby invoking the exclusivity of remedy provision of the Workers' Compensation Law. Although the Supreme Court did not address this issue in its decision denying dismissal of the complaint, it has been conceded on appeal, both in the briefs and on oral argument, that subsequent to the making of the order appealed from, the plaintiff was awarded and did accept workers' compensation benefits.

It is well settled that a determination of the Board that a claimant's injuries are accidental is binding on the claimant despite the pendency of a civil action, even if the claimant did not apply for or accept the benefits awarded. Further, such a determination precludes an action against the employer for intentional tort *(see, Cunningham v State of New York,* 60 NY2d 248, 252-253, *supra).* In this case the Board has deter-

mined that the decedent's death was accidental and not intentional. Therefore, the award of workers' compensation to the plaintiff constitutes a complete defense to the intentional tort claim against HHC and that branch of its motion which was for summary judgment dismissing the complaint as against it should have been granted.

With regard to the liability of the City of New York, we note the defendant HHC owns and operates KCHC and that the city exercises no control over HHC, which is a separate and distinct municipal corporation *(see, Spiegler v City of New York,* 99 AD2d 958, 959; *Brennan v City of New York,* 88 AD2d 871, *affd* 59 NY2d 791). Thus, there can be no liability on the part of the defendant city under any proprietary theory *(see, e.g., Miller v State of New York,* 62 NY2d 506, 511).

Nor has it been established that the city had a special duty to protect the decedent. Generally, a municipality is not liable for injuries resulting from a failure to provide police protection absent a showing of a special relationship *(see, Cuffy v City of New York,* 69 NY2d 255, 258). The elements of the "special relationship" have been defined as follows: "(1) an assumption by the municipality, through promises or actions, of an affirmative duty to act on behalf of the party who was injured; (2) knowledge on the part of the municipality's agents that inaction could lead to harm; (3) some form of direct contact between the municipality's agents and the injured party; and (4) that party's justifiable reliance on the municipality's affirmative undertaking *(see, Shinder v State of New York,* 62 NY2d 945, 946; *see also, Sorichetti v City of New York, supra,* p 469; *cf. Nallan v Helmsley-Spear, Inc.,* 50 NY2d 507)." *(Cuffy v City of New York, supra,* at 260.)

The plaintiff has not come forward with evidence tending to establish any of the four elements set forth in *Cuffy v City of New York (supra)* and the record is barren of any evidence or even any allegation that the decedent justifiably relied on any such promise of protection by the city. Accepting as true the plaintiff's allegation that the city and HHC had resolved to form a joint task force in response to a rising number of assaults upon hospital personnel, that resolution did not impose a special duty upon the city to protect the decedent individually, since the joint task force was apparently conceived for the benefit of all hospital personnel, and not specifically intended to benefit the decedent *(see, e.g., Vitale v City of New York,* 60 NY2d 861, 863, *rearg denied* 61 NY2d 759).

Further, the plaintiff's conclusory allegation that additional

information might be uncovered if discovery were permitted to proceed is insufficient to warrant denial of the branch of the motion which was for summary judgment *(see,* CPLR 3212 [b]; *Marshall v Colvin Motor Parts,* 140 AD2d 673; *Citibank v Furlong,* 81 AD2d 803).

Accordingly, summary judgment should have been granted dismissing the complaint against the city as well. Lawrence, J. P., Rubin, Spatt and Sullivan, JJ., concur.