■ HENRY J. BOSIO, Appellant, v CHARLES SELIG, Defendant, and SELIG & SUSSMAN, INC., Respondent.—In an action, *inter alia,* to recover damages for breach of contract and fraud, the plaintiff appeals from a judgment of the Supreme Court, Nassau County (Robbins, J.), dated November 10, 1988, which, upon an order dated November 4, 1988, which, *inter alia,* granted that branch of the defendants' motion which was for summary judgment on the counterclaim of the defendant Selig & Sussman, Inc., in the principal sum of $680,000, representing the unpaid balance on a series of promissory notes, is in favor of Selig and Sussman, Inc., and against him in the principal sum of $680,000. The appeal brings up for review an order of the same court, dated February 28, 1989, which denied the plaintiff's motion to renew his opposition to the motion for summary judgment *(see,* CPLR 5517; *Schieck v Schieck,* 138 AD2d 688; *cf., Matter of Adam James B.,* 141 AD2d 634).

Ordered that the judgment and the order are affirmed, with one bill of costs.

The defendant Selig & Sussman, Inc., established its counterclaim as a matter of law by proof of the existence of the promissory notes and the nonpayment of each according to its terms *(see, Marshall v Colvin Motor Parts,* 140 AD2d 673; *National Westminster Bank v Barrier Technology Corp.,* 131 AD2d 552). It was then incumbent upon the plaintiff to demonstrate, by admissible evidence, the existence of a triable issue of fact *(see, Marshall v Colvin Motor Parts, supra,* at 674) and the plaintiff failed to do so. The plaintiff's claims of breach of contract and fraud amount to no more than unsubstantiated, conclusory assertions which were insufficient to defeat the grant of summary judgment in favor of the defendant Selig & Sussman, Inc. *(see, Ihmels v Kahn,* 126 AD2d 701; *Blue Ridge Business Brokers v Ros-Mar Club,* 121 AD2d 492). Moreover, the failure of the plaintiff to complete discovery did not preclude the grant of summary judgment to that defendant *(see, Chemical Bank v PIC Motors Corp.,* 58 NY2d 1023, 1026).

The plaintiff's motion for leave to renew his opposition to the motion for summary judgment was properly denied *(see, Patti v Patti,* 146 AD2d 757, 758).

We find no merit to the plaintiff's remaining contentions. Mangano, P. J., Thompson, Lawrence and O'Brien, JJ., concur.