■ KRUGER PULP AND PAPER SALES, INC., Appellant, v INTACT CONTAINERS, INC., Respondent. — In an action to recover damages for breach of contract, plaintiff appeals from an order of the Supreme Court, Westchester County (Donovan, J.), entered October 12, 1983, which denied its motion for summary judgment. ¶ Order reversed, on the law, without costs or disbursements, plaintiff's motion for summary judgment granted, and matter remitted to the Supreme Court, Westchester County, for entry of an appropriate judgment in the principal sum of $75,049.37. ¶ The instant dispute arises from a sales

contract entered into by the parties in October, 1982, in which plaintiff agreed to sell paperboard to defendant. ¶ The instant action was commenced by plaintiff to recover $75,049.37 for merchandise delivered between November 16, 1982 and March 4, 1983, but never paid for by defendant. ¶ In its answer, the defendant did not deny delivery of the merchandise, but rather alleged as an affirmative defense that (1) the merchandise "was of inferior quality and had to be returned to the defendant by its customers" and (2) the plaintiff was advised of the quality of the merchandise, agreed to correct the situation, and failed to do so. ¶ In support of its motion for summary judgment, plaintiff submitted documentary evidence which indicated the list of the orders, the dates of shipments, invoice numbers, the dollar value of each shipment and delivery receipts corresponding to each shipment. This documentary evidence submitted by plaintiff indicated that between October 4, 1982 and March 4, 1983, defendant placed 23 orders for a total value of $105,942.35 and paid to the plaintiff the sum of only $25,147.95 for the first five shipments in October, 1982, leaving a balance due as of early March, 1983, of $80,794.40. Plaintiff also submitted affidavits from its sale agent, who opened the subject account with defendant, and its divisional comptroller. Both of these individuals alleged in their affidavits that they met with defendant's president and accountant on March 25, 1983 to discuss (1) in general, defendant's outstanding balance and (2) in particular, a check dated February 25, 1983, issued by defendant in the amount of $5,477.45 as payment toward its outstanding balance, which had been returned for insufficient funds. At that meeting, defendant's president merely advised them of his company's credit problems and gave them a check in payment toward the outstanding balance, in the amount of $5,477.45, to replace the previously dishonored check. The replacement check was also returned for insufficient funds. Shortly thereafter defendant's plant was gutted by fire. Another check issued by the defendant in the amount of $5,475.03 was received in March, 1983. It was the last check received by plaintiff and reduced the defendant's outstanding balance to $75,049.37. At the meeting of March 25, 1983, the defendant's president agreed to pay the balance due at a rate of not less than one payment per week; neither of the defendant's officers made any complaint about the shipped merchandise. ¶ In opposition to the plaintiff's motion for summary judgment, defendant's president did not deny the evidentiary facts contained in plaintiff's moving papers but merely stated, in conclusory terms, that the paperboard shipped by plaintiff failed to meet the specification demanded by the defendant. ¶ It has been consistently held that to obtain summary judgment "it is necessary that the movant establish his cause of action or defense 'sufficiently to warrant the court as a matter of law in directing judgment' in his favor (CPLR 3212, subd [b]), and he must do so by tender of evidentiary proof in admissible form" (*Friends of Animals v Associated Fur Mfrs.*, 46 NY2d 1065, 1067; see, also, *Shaw v Time-Life Records,* 38 NY2d 201; *Capelin Assoc. v Globe Mfg. Corp.,* 34 NY2d 338). To defeat a motion for summary judgment the opposing party must show facts sufficient to require a trial and "must make his showing by producing evidentiary proof in admissible form" (*Friends of Animals v Associated Fur Mfrs., supra,* pp 1067-1068). As the court in *Di Sabato v Soffes* (9 AD2d 297, 301), stated: "it is incumbent upon a defendant who opposes a motion for summary judgment to assemble, lay bare and reveal his proofs, in order to show that the matters set up in his answer are real and are capable of being established upon a trial". Bare conclusory allegations are insufficient to defeat a motion for summary judgment (*Ehrlich v American Moninger Greenhouse Mfg. Corp.,* 26 NY2d 255, 259; *Shaw v Time-Life Records, supra,* p 207; *Aetna Cas. & Sur. Co. v Schulman,* 70 AD2d 792, 794). ¶ Viewed within this framework, the affidavit of defendant's president was

insufficient to defeat plaintiff's motion for summary judgment. ¶ Accordingly, the order appealed from must be reversed, plaintiff's motion for summary judgment granted, and judgment entered in plaintiff's favor in the principal sum of $75,049.37. Lazer, J. P., Mangano, Weinstein and Brown, JJ., concur.