■ SIDNEY MAYER, Respondent, v McBRUNIGAN CONSTRUCTION CORP. et al., Appellants. — In an action to recover moneys due on a mortgage note, and to recover damages for breach of contract, defendants appeal from (1) an order of the Supreme Court, Rockland County (Dachenhausen, J.), dated November 10, 1983, which, *inter alia,* granted plaintiff's motion for summary judgment and denied defendants' cross motion for leave to serve an amended answer, and (2) a judgment of the same court, dated November 17, 1983, in favor of the plaintiff in the principal sum of $387,317.47, with interest thereon at the rate of 9½% per annum from March 31, 1982 on his first cause of action, and in the principal sum of $45,500, with interest thereon at the rate of 9% per annum from October 1, 1982 on his second cause of action, together with the costs and disbursements of the action.

Appeal from the order dismissed (see *Matter of Aho,* 39 NY2d 241, 248).

Judgment affirmed.

Plaintiff is awarded one bill of costs.

Defendants have failed, as a matter of law, to come forward with sufficient admissible evidence to establish the existence of a factual issue requiring a trial (see *Zuckerman v City of New York,* 49 NY2d 557; *Friends of Animals v Associated Fur Mfrs.,* 46 NY2d 1065). The affidavits submitted on behalf of the defendants consist merely of conclusory allegations that the representations concerning the adequacy of the water supply were false when made. It is well settled that "a shadowy semblance of an issue or bald conclusory assertions, even if believable, are not enough" to defeat a motion for summary judgment (*Gelb v Bucknell Press,* 69 AD2d 829, 830; see, also, *Kruger Pulp & Paper Sales v Intact Containers,* 100 AD2d 894, 895). Since defendants failed to establish a defense of fraudulent misrepresentation as a matter of law, there was no abuse of discretion in denying the cross motion for leave to amend the answer to assert fraud as an affirmative defense. As to the other affirmative defenses which defendants sought to interpose, they lacked merit. Mollen, P. J., Titone, Thompson and Weinstein, JJ., concur.