■ GREAT NECK CAR CARE CENTER, INC., Respondent, v ARTPAT AUTO REPAIR CORP., Defendant, and PATRICIO AGUIRRE et al., Appellants. — In an action to recover on a promissory note, defendants Patricio Aguirre and Arthur Elian appeal, as limited by their brief, from so much of an order of the Supreme Court, Nassau County (Oppido, J.), dated February 7, 1984, as granted plaintiff's motion for summary judgment in lieu of complaint as against them.

Order affirmed, insofar as appealed from, with costs.

On January 4, 1983, plaintiff sold its auto repair business to Artpat Auto Repair Corp. (corporate defendant). The contract of sale provided, *inter alia,* that it constituted the entire agreement between the parties, no representations had been made by the plaintiff seller, and the corporate defendant had not entered into the contract in reliance upon any representations except as set forth therein. As part of the purchase price, the corporate defendant executed a promissory note in the sum of $40,000. The note was guaranteed by the corporation's principals, Patricio Aguirre and Arthur Elian (individual defendants).

After the corporate defendant defaulted on its note payments, plaintiff instituted the instant action by motion for summary judgment in lieu of complaint on or about October 22, 1983, seeking the unpaid balance of the note less the value of certain equipment returned to it (CPLR 3213). The individual defendants opposed, alleging that "the plaintiff practiced a fraud upon the purchaser" in misrepresenting its weekly gross income and that they would never have consummated the deal "had [they] known the true facts". Citing the disclaimer clause of the sales contract and noting that defendants submitted no "evidence showing that the alleged representations as to business income was included in the contract", Special Term granted plaintiff summary judgment in the amount of $38,281.19, less the value of the equipment, and directed that the value of the equipment and attorney's fees be determined at a trial. We affirm, although on somewhat different reasoning.

The presence of a *general* disclaimer (merger) clause in the contract of sale does not, *ipso facto,* as Special Term implied, bar parol evidence of alleged fraudulent representations by the seller regarding gross income. This is so despite the fact that the subject contract contains no representation as to gross income derived by the seller and the buyer was represented on the sale by counsel (see *Sabo v Delman,* 3 NY2d 155, 161; *Galgani v Fleming,* 56 AD2d 644; cf. *Seaman-Andwall Corp. v Wright Mach. Corp.,* 31 AD2d 136, affd 29 NY2d 617). The presence of such a general disclaimer is, however, a factor to be considered where, as here, the buyer alleges in opposition to a motion for summary judgment that it relied on the seller's alleged fraudulent representations (see *Crowell-Collier Pub. Co. v Josefowitz,* 9 Misc 2d 613, 615, affd 5 AD2d 987, affd 5 NY2d 998).

In the case under review, while the individual defendants submitted in opposition to the motion an affidavit of their accountant, who claimed to have viewed plaintiff's records before the sale and taken "notes with reference to all these figures", they failed to annex the accountant's notes or anything of an evidentiary nature to substantiate what plaintiff purportedly represented its gross business receipts to be. Nor did they offer any explanation as to why the subject contract contained no representation by plaintiff regarding its receipts, notwithstanding the fact that they submitted the opposing affirmation of their attorney who represented them on the sale. Furthermore, they submitted no documentary evidence to substantiate the present income of the business or its divergence from past income as allegedly represented by plaintiff. Indeed, they even failed to adequately explain why they operated the business for over seven months without raising an issue of fraud, and then only defensively when plaintiff commenced the instant action.

In sum, apart from unsubstantiated allegations and mere conclusions, the individual defendants submitted nothing of an evidentiary nature to substantiate their claim that plaintiff had fraudulently represented the gross receipts and that they relied on these representations. Since they failed to come forward with sufficient admissible evidence to establish the existence of a triable issue of fact, summary judgment was properly awarded against them (see CPLR 3016; *Zuckerman v City of New York,* 49 NY2d 557; *Mayer v McBrunigan Constr. Corp.,* 105 AD2d 774; *Bank of Smithtown v Beckhans,* 90 AD2d 508). O'Connor, J. P., Brown, Lawrence and Eiber, JJ., concur.