■ GATEWAY STATE BANK, Appellant, v SHANGRI-LA PRIVATE CLUB FOR WOMEN, INC., Respondent.—In an action brought by motion pursuant to CPLR 3213 for summary judgment in lieu of a complaint to recover on a promissory note, plaintiff appeals from an order of the Supreme Court, Richmond County (Sullivan, J.), dated March 5, 1984, which denied the motion for summary judgment in lieu of complaint.

Order reversed, on the law, with costs, motion for summary judgment granted, and matter remitted to the Supreme Court, Richmond County, for entry of an appropriate judgment.

By motion for summary judgment in lieu of complaint pursuant to CPLR 3213, plaintiff Gateway State Bank commenced this action against the corporate defendant to recover upon a promissory note for the payment of money only. It is incontestable that plaintiff has established a prima facie case by proof of the note and a failure to make payments called for

by its terms (*Seaman-Andwall Corp. v Wright Mach. Corp.*, 31 AD2d 136, 137, *affd* 29 NY2d 617). Execution of the note, dated July 30, 1980, and default in payment was established by plaintiff's motion papers and was not denied by defendant. Consequently, it was incumbent upon defendant to come forward with proof of evidentiary facts showing the existence of a triable issue with respect to a bona fide defense (*see, Mills v Ryan*, 41 AD2d 689, *affd* 33 NY2d 948).

As a proposed defense to this action, Corinne Carducci, president of defendant and a 50% shareholder, alleged that the minority shareholders, during a period of time when they had control over the corporation, defrauded the corporation by making personal loans to the corporation, by borrowing money in the name of defendant and, thereafter, by misappropriating the proceeds of these loans for their own personal gain. Ms. Carducci alleged that the subject note was a manifestation of the plaintiff bank's participation in the minority shareholders' conspiracy to defraud the corporation of its assets.

Defendant has proffered no evidence in admissible form to show that plaintiff bank knew, at the time it made the subject loan to the defendant, that the proceeds would not be used for corporate purposes but would be diverted by and for the personal use of the officers in control of the corporation from 1978 to 1981. The mere fact the president of defendant, at the time the note was issued, was also a director of plaintiff bank is not, by itself, evidence of any impropriety regarding the loan. Nor do the conclusory allegations that the minority shareholders, while officers of the defendant corporation, misappropriated or wasted the proceeds of the loan, once the funds undisputedly entered the corporate checking account, establish a viable defense to the defendant's obligation. Aside from mere surmise, conjecture and speculation, there is nothing of an evidentiary nature in the record to support the bare allegation of fraud advanced by defendant (*see, Stagg Tool & Die Corp. v Weisman*, 12 AD2d 99, 103, *affd* 10 NY2d 741). Despite the fact that this is not a case where knowledge of the facts resides solely with the movant, defendant argues that summary judgment was properly denied in order to provide defendant with the opportunity to develop its former president's relationship with plaintiff and the potential complicity of plaintiff in a fraudulent scheme to dissipate the corporate assets. To speculate that something might be caught on a fishing expedition provides no basis pursuant to CPLR 3212 (f) to postpone decision on the summary judgment motion (*Auer-*

*bach v Bennett,* 47 NY2d 619, 636). Accordingly, Special Term erred in denying plaintiff's motion for summary judgment in lieu of complaint. Mollen, P. J., Bracken, Niehoff and Rubin, JJ., concur.