■ JOHANNES C. C. IHMELS, Appellant, v MARJORIE KAHN, as Executrix of LEONARD KAHN, Deceased, Respondent.—In an action brought by motion pursuant to CPLR 3213 for summary judgment in lieu of complaint to recover on two promissory notes, the plaintiff appeals from an order of the Supreme Court, Orange County (Ferraro, J.), dated April 29, 1985, which denied the motion.

Ordered that Marjorie Kahn, as executrix of Leonard Kahn, is substituted as the party defendant, Leonard Kahn having died during the pendency of this appeal; and is is further,

Ordered that the order is reversed, on the law, the motion is granted, and the matter is remitted to the Supreme Court, Orange County, for entry of an appropriate judgment; and it is further,

Ordered that the plaintiff is awarded one bill of costs.

In support of his motion for summary judgment in lieu of complaint *(see,* CPLR 3213), the plaintiff established his cause of action as a matter of law *(see, Zuckerman v City of New York,* 49 NY2d 557, 562; *Kruger Pulp & Paper Sales v Intact Containers,* 100 AD2d 894, 895) by proof of the promissory notes in question and of nonpayment according to their terms *(see, Gateway State Bank v Shangri-La Private Club for Women,* 113 AD2d 791, *affd* 67 NY2d 627; *Badische Bank v Ronel Sys.,* 36 AD2d 763; *Seaman-Andwall Corp. v Wright Mach. Corp.,* 31 AD2d 136, 137, *appeals dismissed* 28 NY2d 716, *affd* 29 NY2d 617). It was then incumbent upon the defendant to demonstrate, by admissible evidence, the existence of a triable factual issue *(see, Zuckerman v City of New York, supra,* at p 560; *Kruger Pulp & Paper Sales v Intact*

*Containers, supra,* at p 895). However, although the defendant alleged that there were several valid defenses and counterclaims including, *inter alia,* failure of consideration, breach of contract and fraud, those allegations amounted to no more than unsubstantiated, conclusory assertions which were not sufficient to defeat the motion *(see, Ehrlich v American Moninger Greenhouse Mfg. Corp.,* 26 NY2d 255, 259; *Gateway State Bank v Shangri-La Private Club for Women, supra; Great Neck Car Care Center v Artpat Auto Repair Corp.,* 107 AD2d 658, 659, *lv dismissed* 65 NY2d 897; *Mayer v McBrunigan Constr. Corp.,* 105 AD2d 774). Moreover, the defendant's assertions were, for the most part, precluded by the terms of the parties' stock purchase agreement *(see, Seaman-Andwall Corp. v Wright Mach. Corp., supra,* at p 139). Mangano, J. P., Bracken, Brown and Eiber, JJ., concur.