■ NATIONAL WESTMINSTER BANK, U.S.A., Appellant, v BARRIER TECHNOLOGY CORP. et al., Respondents.—In an action, *inter alia,* to recover on certain promissory notes and guarantees, the plaintiff appeals from an order of the Supreme Court, Queens County (Durante, J.), dated September 2, 1986, which denied its motion to strike the defendants' answers and for summary judgment.

Ordered that the order is reversed, on the law, with costs, the motion is granted, and the matter is remitted to the Supreme Court, Queens County, for the entry of an appropriate judgment.

In support of its motion for summary judgment *(see,* CPLR 3212), the plaintiff established its causes of action as a matter of law *(see, Zuckerman v City of New York,* 49 NY2d 557, 562; *Ihmels v Kahn,* 126 AD2d 701; *Kruger Pulp & Paper Sales v Intact Containers,* 100 AD2d 894, 895) by proof of the existence of the promissory notes, guarantee and overdraft in question, and the nonpayment of each according to its terms *(see, Ihmels v Kahn, supra; Gateway State Bank v Shangri-La Private Club for Women,* 113 AD2d 791, *affd* 67 NY2d 627;

*Badische Bank v Ronel Sys.*, 36 AD2d 763; *Seaman-Andwall Corp. v Wright Mach. Corp.*, 31 AD2d 136, 137, *affd* 29 NY2d 617). It was then incumbent upon the defendants to demonstrate, by admissible evidence, the existence of a triable issue of fact *(see, Zuckerman v City of New York, supra,* at 560; *Ihmels v Kahn, supra; Kruger Pulp & Paper Sales v Intact Containers, supra,* at 895), and the defendants failed to do so. In fact, the defendants acknowledged their indebtedness to the plaintiff, and their allegation that the plaintiff should be estopped from seeking repayment because it refused to advance further funds, thereby damaging the defendants' business, did not constitute a defense and was insufficient to defeat the motion *(see, Ehrlich v American Moninger Greenhouse Mfg. Corp.,* 26 NY2d 255, 259; *Gateway State Bank v Shangri-La Private Club for Women, supra; Ihmels v Kahn, supra; Great Neck Car Care Center v Artpat Auto Repair Corp.,* 107 AD2d 658, 659, *lv dismissed* 65 NY2d 897; *Mayer v McBrunigan Constr. Corp.,* 105 AD2d 774). Mangano, J. P., Bracken, Niehoff, Kooper and Spatt, JJ., concur.