■ JOSEPH FAUSTINI, Respondent, v DARTH PROVISIONS CO., INC., et al., Appellants.—In an action to recover on promissory notes, the defendants appeal from a judgment of the Supreme Court, Kings County (Jordan, J.), dated April 3, 1986, which, upon granting the plaintiff's motion for summary judgment in

lieu of complaint, is in favor of the plaintiff and against them in the principal amount of $128,833.26.

Ordered that the judgment is affirmed, with costs.

In support of his motion for summary judgment in lieu of complaint *(see,* CPLR 3213), the plaintiff established his cause of action as a matter of law *(see, Zuckerman v City of New York,* 49 NY2d 557, 562; *Ihmels v Kahn,* 126 AD2d 701) by proof of the promissory notes in question and proof of nonpayment according to their terms *(see, Gateway State Bank v Shangri-La Private Club,* 113 AD2d 791, *affd* 67 NY2d 627; *Badische Bank v Ronel Sys.,* 36 AD2d 763; *Seaman-Andwall Corp. v Wright Mach. Corp.,* 31 AD2d 136, 137, *affd* 29 NY2d 617). It was then incumbent upon the defendants to demonstrate, by admissible evidence, the existence of a triable factual issue *(see, Zuckerman v City of New York, supra,* at 560; *Great Neck Car Care Center v Artpat Auto Repair Corp.,* 107 AD2d 658, 659, *lv dismissed* 65 NY2d 606, 897). Although the defendants alleged that there was a valid defense of fraud, their allegations amounted to no more than unsubstantiated conclusory assertions which were not sufficient to defeat the motion *(see, Ehrlich v American Moninger Greenhouse Mfg. Corp.,* 26 NY2d 255, 259; *Gateway State Bank v Shangri-La Private Club, supra; Great Neck Car Care Center v Artpat Auto Repair Corp., supra).*

In this case, the defendants purchased the plaintiff's meat delivery route. At the time of the purchase, both parties contemplated that a customer on the route, known as Nicholson's, might cease to do business or sell his business, which would result in the loss of that customer. Therefore, the purchase agreement provided for a contingent reduction of $10,000 in the price of the route in the event of either occurrence. The defendants have failed to raise a triable issue with respect to the plaintiff's alleged fraudulent concealment in view of the parties' financial accommodation prior to the sale in anticipation of the very contingency which in fact did occur *(see, Great Neck Car Care Center v Artpat Auto Repair Corp., supra).* Mollen, P. J., Brown, Rubin and Kunzeman, JJ., concur.