■ JOSEPH P. HARVEY et al., Respondents, v JOHN P. VAN COTT et al., Appellants.—In an action to recover a $6,000 down payment on a real estate contract, the defendant sellers appeal from an order of the Supreme Court, Suffolk County (Doyle, J.), dated June 20, 1986, which denied their motion for summary judgment.

Ordered that the order is reversed, on the law, with costs, the defendants' motion is granted, and the complaint is dismissed.

On April 30, 1984, the defendants agreed to convey to the plaintiffs title to certain premises located in Bay Shore, New York. The plaintiffs were obligated to make an immediate application for a mortgage in the sum of $56,700 and it was agreed that a closing would take place within 30 days of the plaintiffs obtaining a commitment for such a mortgage. The plaintiffs also delivered a down payment of $6,000.

Under its terms, the contract could be terminated by the plaintiffs unilaterally; if they were unable to obtain a mortgage commitment within 60 days of April 30, 1984, they would then be entitled to a refund of the $6,000 down payment. This option was not exercised after the plaintiffs' first mortgage application was rejected, on or about June 27, 1984. Instead,

the defendants agreed, at the plaintiffs' request, to extend the plaintiffs' time within which to obtain a mortgage. A second mortgage application was approved, but it was later learned that this mortgage commitment was conditioned upon the plaintiffs' occupancy of the premises in question. This condition was contrary to the terms of the contract of sale and so this commitment was invalid.

It is undisputed that both plaintiffs subsequently signed a letter agreement dated October 10, 1984, pursuant to which they agreed to close title with the defendants on November 15, 1984. Their failure to do so would, under the unambiguous terms of this agreement, result in a forfeiture of the $6,000 down payment. It is also undisputed that the plaintiffs were unable to produce the necessary funds at that time. The $6,000 down payment was accordingly released from escrow to the defendants. The plaintiffs in this action now seek to have this $6,000 refunded to them.

We conclude that the Supreme Court, Suffolk County, erred in denying the motion by the defendants for summary judgment. There is no material issue of fact which requires a trial; the plaintiffs agreed that if they were unable to produce the balance of the purchase price by November 15, 1984, their $6,000 down payment would be forfeited. The defendants aver that the plaintiffs' attorney informed them that the plaintiffs were unable to close title as required and the plaintiffs, in their opposition papers, do not claim otherwise. The sole arguable basis upon which the plaintiffs sought to avoid summary judgment was by alleging that the agreement of October 10, 1984 was unconscionable, and the product of coercion. This argument, however, was supported only by conclusory and unsubstantiated allegations which are insufficient to defeat summary judgment *(see, e.g., Gateway State Bank v Shangri-La Private Club,* 113 AD2d 791, 792, *affd* 67 NY2d 627; *Faustini v Darth Provisions Co.,* 131 AD2d 809, 810). Mangano, J. P., Bracken, Spatt and Harwood, JJ., concur.