■ Louis Schwartz, Appellant, v Turner Holdings, Inc., Respondent.—Order, Supreme Court, New York County (Andrew R. Tyler, J.), entered October 27, 1987, denying plaintiff's motion for summary judgment in lieu of complaint, unanimously reversed, on the law, with costs and disbursements, and the motion granted.

In this CPLR 3213 motion, the note upon which plaintiff sues, the Turner note, does not state a rate of interest. Instead, it refers to another promissory note, which itself does not state a rate of interest either but refers to "Chase Manhattan Prime plus ½% adjusted on the day of any change." The Turner note, executed on August 15, 1985, provided for the payment of principal in two equal installments, on the fifth and sixth anniversary thereof, and with interest to be paid quarterly, beginning October 1, 1985, until satisfaction of the principal. Plaintiff, the payor on the Norstar note, was to cover the expenses of that loan from the interest payments he would receive from defendant, the payor on the Turner note, which also contained a clause accelerating final payment in the event of a default in the payment of interest so as to cause Norstar to demand payment on its note. The two financial transactions were separate and distinct. Defendant defaulted in the payment of the fourth interest installment on the Turner note, causing plaintiff to default on its July 1, 1986 interest payment to Norstar. Defendant has made no further interest payments on the Turner note. Plaintiff thereafter commenced this action by service of a summons and notice of

motion for summary judgment in lieu of complaint. The motion was denied on the ground that an action "based upon an instrument for the payment of money only" must be proven without reference to any external evidence. In this case, that proscription would be violated, the court held, since it was necessary to refer to the Norstar note to determine the Turner note's rate of interest. We reverse.

This case does not involve a complex financial transaction. The note at issue established a discrete obligation, with the principal clearly stated and the interest readily ascertainable, either through Norstar's loan office or by checking the Chase Manhattan prime rate. Since the note provided for simple interest only, a less complex obligation would be hard to find. That the rate of interest was not specifically set forth in the note does not render it any the less an instrument for the payment of money only. Nor does the insertion of the uninitialed balloon insert setting forth the inartfully drawn acceleration clause disqualify the note from CPLR 3213 treatment. Finally, we note that the perfunctory affidavit of defendant's attorney made without knowledge of the facts fails to raise an issue sufficient to bar summary judgment. *(See, Seaman-And-wall Corp. v Wright Mach. Corp.,* 31 AD2d 136, 138, *affd* 29 NY2d 617.)

The motion for summary judgment is granted. Concur—Kupferman, J. P., Sullivan, Asch, Kassal and Rosenberger, JJ.