■ U. S. RISK MANAGERS, INC., Respondent, v BERNARD GERSHUNY, Appellant.—Order of the Supreme Court, New York

County (Martin Evans, J.), entered on or about November 12, 1987, which granted plaintiff's motion to disqualify the firm of Rosner & Goodman from further representation of the defendant, unanimously reversed, on the law, without costs, and the matter is remanded for an evidentiary hearing.

In an action seeking damages for alleged breach of a contract to repurchase certain shares of stock, the defendant appeals from an order of the Supreme Court which granted plaintiff's motion to disqualify the firm of Rosner & Goodman from further representation of the defendant.

Plaintiff moved for disqualification on two grounds. First, plaintiff alleged that a member of the defendant's law firm, Andrew Goodman, although not involved in the litigation of this case, is a witness with necessary evidence who ought to be called as a witness at the trial of this action, and will in fact be called. (See, Code of Professional Responsibility DR 5-101 [B]; DR 5-102 [A], [B].) Second, plaintiff alleges that Goodman represented the plaintiff in connection with the agreement whose alleged violation presents the issue in the case.

As to the plaintiff's claim that the law firm should be disqualified because Goodman is a necessary witness who ought to be called, and will be called, the facts asserted in plaintiff's papers fail to justify disqualification of the entire firm under the principles set forth in *S & S Hotel Ventures Ltd. Partnership v 777 S. H. Corp.* (69 NY2d 437).

As to the claim that Goodman should be disqualified because he represented plaintiff in the agreement which gave rise to the lawsuit, the affidavits submitted by the parties disclose a sharp factual conflict that clearly cannot be determined on the basis of the papers, and that requires an evidentiary hearing. Concur—Sandler, J. P., Ross, Asch, Kassal and Wallach, JJ.