■ FIDELITY NEW YORK, FSB, Respondent, v HANOVER COMPANIES, INCORPORATED, Appellant. FIDELITY NEW YORK, FSB, Respondent, v GERALD GUTERMAN & Co., Appellant. FIDELITY NEW YORK, FSB, Respondent, v GERALD GUTERMAN, Appellant.—In three related actions, each prosecuted by motion pursuant to CPLR 3213 for summary judgment in lieu of complaint, to recover on promissory notes, the defendants appeal from so much of an order of the Supreme Court, Nassau County (Morrison, J.), entered February 1, 1988, as in the respective actions in which each appellant is a defendant, granted summary judgment to the plaintiff and denied the appellants' respective cross motions to consolidate these three actions with a related action pending in the Supreme Court, New York County.

Ordered that the order is affirmed, with costs.

In support of its motions for summary judgment in lieu of complaint *(see,* CPLR 3213), the plaintiff established its causes of action as a matter of law *(see, Zuckerman v City of New York,* 49 NY2d 557), by proof of the promissory notes in question, and of nonpayment according to their terms *(see, Seaman-Andwall Corp. v Wright Mach. Corp.,* 31 AD2d 136, *affd* 29 NY2d 617; *New Rochelle Dodge v Bank of N. Y.,* 127 AD2d 638). It was then incumbent upon the defendants to demonstrate, by admissible evidence, the existence of triable factual issues *(see, Zuckerman v City of New York, supra; Ihmels v Kahn,* 126 AD2d 701). However, although in each action the defendant alleged there was a valid affirmative defense, i.e., fraud in the inducement, those allegations amounted to no more than unsubstantiated, conclusory assertions which were not sufficient to defeat the motions *(see,*

*Marine Midland Bank v Simpson Edson, Inc.*, 120 AD2d 709; *Abacus Real Estate Fin. Co. v P.A.R. Constr. & Maintenance Corp.*, 115 AD2d 576). There being no issues in need of determination, each of the respective motions for summary judgment was properly granted. Mollen, P. J., Mangano, Thompson and Rubin, JJ., concur.