5  JEANNE CRUMBLISS, Respondent, v MICHAEL J. SWERDLOW, Appellant.

The defendant, an attorney, executed a letter agreement wherein he confirmed his purchase of certain jewelry from the plaintiff. In connection therewith, the defendant gave the plaintiff a promissory note for the sum of $500,000. Pursuant to the note and agreement, the defendant made four interest payments to the plaintiff; however, the check for the fourth payment was returned for "insufficient funds". The plaintiff then commenced this action to recover the moneys due under the promissory note.

We note at the outset that the note constitutes an instrument for the payment of a sum of money only *(see, Haug v Metal City Findings Corp.,* 47 AD2d 837; *Horne v Law Re-*

*search Serv.,* 35 AD2d 931, *affd* 28 NY2d 969; *Seaman-And-wall Corp. v Wright Mach. Corp.,* 31 AD2d 136, *affd* 29 NY2d 617). Thus, the use of the procedure set forth in CPLR 3213 was appropriate.

We further find that the plaintiff is entitled to summary judgment pursuant to CPLR 3213, despite the defendant's unsubstantiated assertion that the note is unenforceable for lack of consideration since he never received the jewelry. As the Supreme Court noted, the language employed in the letter agreement, to wit, "I have purchased from you certain jewelry" as well as the term "for the value received" used in the promissory note indicate that there was consideration for the note and a purchase had already been consummated. The defendant failed to proffer any evidence to rebut this conclusion *(see, Ehrlich v American Moninger Greenhouse Mfg. Corp.,* 26 NY2d 255, 258; *Gateway State Bank v Shangri-La Private Club for Women,* 113 AD2d 791, *affd* 67 NY2d 627; *Great Neck Car Care Center v Artpat Auto Repair Corp.,* 107 AD2d 658). Indeed, the fact that the defendant tendered three payments, each in the amount of $3,333.33, buttresses the conclusion that the defendant received consideration for the note.

Based on the foregoing, we find that the plaintiff has established her cause of action as a matter of law and that summary judgment was properly granted to her *(see, Zuckerman v City of New York,* 49 NY2d 557; *Ihmels v Kahn,* 126 AD2d 701; *Kruger Pulp & Paper Sales v Intact Containers,* 100 AD2d 894). Mollen, P. J., Eiber, Sullivan and Rosenblatt, JJ., concur.