■ AMEV CAPITAL CORPORATION, Respondent, v RICHARD KIRK, Appellant, et al., Defendant.—In an action to recover on a promissory note, the defendant Richard Kirk appeals from a judgment of the Supreme Court, Westchester County (Coppola, J.), dated July 25, 1989, which, upon an order of the same court dated July 13, 1989, granting the plaintiff's motion for partial summary judgment on the first and second causes of action and denying his cross motion to amend his answer to assert a counterclaim, is in favor of the plaintiff and against him in the principal sum of $400,000.

Ordered that the judgment is affirmed, with costs.

In order to establish its causes of action to recover on the promissory note as a matter of law, the respondent was required to present proof of the existence of the note in question and nonpayment according to its terms (see, Fidelity N. Y. v Hanover Cos., 148 AD2d 577). The record reveals that the respondent presented undisputed evidence that the appellant was an indorser and guarantor of the subject note, and the appellant did not dispute the existence of the note or that he had failed to comply with the respondent's demand for payment. As the appellant failed to demonstrate the existence of triable factual issues, summary judgment was properly granted to the respondent on its first and second causes of action (see, Fidelity N. Y. v Hanover Cos., supra; Ihmels v Kahn, 126 AD2d 701; UCC 3-414 [1]; 3-416 [1]).

The appellant sought to amend his answer to assert a counterclaim against the respondent for negligent prosecution of its action in Germany against the alleged maker of the promissory note. The court properly denied the appellant's motion, as the evidence submitted by the respondent established that the proposed counterclaim is devoid of merit (see, DeGuire v DeGuire, 125 AD2d 360). Bracken, J. P., Kooper, Sullivan and O'Brien, JJ., concur.