■ MYRNA GREEN, Appellant, v CHARLES DARWISH, Respondent.—In an action to recover on an instrument for the payment of money only, commenced by service of a summons with notice of motion for summary judgment in lieu of complaint, the plaintiff appeals (1) from an order of the Supreme Court, Nassau County (Roncallo, J.), dated June 27, 1989, which granted the defendant's motion to vacate a judgment of the same court, entered June 7, 1989, entered upon his default in responding to the motion, and (2) from so much of an order of the same court, dated August 18, 1989, as granted the defendant's cross motion to disqualify I. Leonard Feigenbaum and Feigenbaum & Arthur from representing the plaintiff in this action.

Ordered that the order dated June 27, 1989, is reversed, on the law, the defendant's motion to vacate the judgment is denied, and that judgment is reinstated; and it is further,

Ordered that the order dated August 18, 1989, is reversed insofar as appealed from, on the law, and I. Leonard Feigenbaum and Feigenbaum & Arthur are permitted to continue their representation of the plaintiff; and it is further,

Ordered that the plaintiff is awarded one bill of costs.

In support of her motion for summary judgment in lieu of complaint (see, CPLR 3213), the plaintiff established that a check in the amount of $11,000 had been issued and tendered by the defendant for good and valuable consideration on January 12, 1989. The check, after being duly presented for

payment, was dishonored and returned by the defendant's bank. Although the defendant alleged that there were valid affirmative defenses, including fraud in the inducement, those allegations amounted to no more than unsubstantiated, conclusory assertions which were not sufficient to defeat the motion (see, *Fidelity N. Y. v Hanover Cos.*, 148 AD2d 577; *Ihmels v Kahn*, 126 AD2d 701, 702). Moreover, the defendant's assertions were, for the most part, precluded by the terms of the underlying contract (see, *Ihmels v Kahn, supra*).

With respect to the defendant's claim that the law firm representing the plaintiff should be disqualified because I. Leonard Feigenbaum is a necessary witness who ought to be called to testify, the facts asserted in the defendant's papers fail to justify disqualification of the entire firm under the principles set forth in *S & S Hotel Ventures Ltd. Partnership v 777 S. H. Corp.* (69 NY2d 437; see, *U.S. Risk Managers v Gershuny*, 141 AD2d 389, 390). In any event, the defendant failed to establish that I. Leonard Feigenbaun was a necessary witness. Kunzeman, J. P., Kooper, Harwood and O'Brien, JJ., concur.