■ GATEWAY STATE BANK, Respondent, v VINCENT INTRABARTOLO, Appellant, et al., Defendants.—In an action to recover on a guaranty of payment, the defendant Vincent Intrabartolo appeals from a judgment of the Supreme Court, Richmond County (Leone, J.), dated October 5, 1989, which, upon an order of the same court dated September 29, 1989, denying reargument of his motion to vacate and set aside the court's prior order dated March 7, 1989, that had granted the plaintiff's motion for summary judgment pursuant to CPLR 3213, is in favor of the plaintiff and against the defendants in the principal sum of $418,454.36, without prejudice to subsequent actions by the plaintiff to recover its expenses in enforcing the judgment.

Ordered that the judgment is affirmed, with costs.

In order to establish its cause of action to recover on the guaranty of payment as a matter of law, the plaintiff was required to present proof of the existence of the guaranty in question and nonpayment according to its terms (see, AMEV Capital Corp. v Kirk, 169 AD2d 802; Fidelity N. Y. v Hanover Cos., 148 AD2d 577).

The plaintiff presented undisputed evidence that the appellant had executed a guaranty of payment for a $400,000 corporate loan in favor of J.D.A.M. Realty Corp. (hereinafter JDAM). The appellant did not contest the existence of the guaranty or that he had failed to comply with the plaintiff's demand for payment after JDAM defaulted. As the appellant did not demonstrate the existence of any triable factual issues, summary judgment was properly granted to the plaintiff (see, AMEV Capital Corp. v Kirk, supra; Fidelity N. Y. v Hanover Cos., supra; Ihmels v Kahn, 126 AD2d 701; Gateway State Bank v Shangri-La Private Club for Women, 113 AD2d 791, affd 67 NY2d 627; see also, UCC 3-416 [1]). Thompson, J. P., Brown, Kunzeman and Balletta, JJ., concur.