■ RONALD E. SEXTON et al., Respondents, v JERROLD FISHMAN et al., Appellants.—In an action to recover on two promissory notes, the defendants appeal (1) from an order of the Supreme Court, Nassau County (Ain, J.), dated May 10, 1990, which granted the plaintiffs' motion for summary judgment in lieu of a complaint, and (2) from a judgment of the same court dated May 31, 1990, which is in favor of the plaintiff Ronald E. Sexton and against the defendant Jerrold Fishman in the principal sum of $190,000, and is in favor of the plaintiff Kalco, Inc., and against the defendant Allico, Ltd., in the principal sum of $175,000.

Ordered that the appeal from the order is dismissed; and it is further,

Ordered that the judgment is affirmed; and it is further,

Ordered that the respondents are awarded one bill of costs.

The appeal from the intermediate order must be dismissed because the right of direct appeal therefrom terminated with the entry of judgment in the action (see, Matter of Aho, 39 NY2d 241, 248). The issues raised on appeal from the order are brought up for review and have been considered on the appeal from the judgment (see, CPLR 5501 [a] [1]).

Contrary to the arguments put forth by the defendants, we find that the Supreme Court properly granted summary judgment to the plaintiffs. The plaintiffs produced the promissory notes and proof of their nonpayment, while the defendants

failed to come forth with sufficient evidence to establish the existence of a triable issue of fact *(see,* CPLR 3213; *see also, Gateway State Bank v Shangri-La Private Club for Women,* 113 AD2d 791, *affd* 67 NY2d 627; *Faustini v Darth Provisions Co.,* 131 AD2d 809). The defendants did not deny that they had signed the notes or that the notes had remained unpaid. Moreover, the defendants' allegations of fraud in the inducement were vague and conclusory at best.

In any event, the defendants failed to establish all the necessary elements for fraud. In particular, they failed to come forth with any evidence to show a justifiable reliance upon any purported misrepresentation *(see, Nestler v Whiteside,* 162 AD2d 845; *Most v Monti,* 91 AD2d 606; *Verschell v Pike,* 85 AD2d 690). Sullivan, J. P., Harwood, Balletta and Eiber, JJ., concur.