■ VIGLIAROLO BROTHERS, INC., Appellant, v PARKWAY RECYCLING CORP., Respondent.—In an action to recover the balance due on a promissory note, the plaintiff appeals from an order of the Supreme Court, Nassau County (Roncallo, J.), dated August 27, 1990, which denied its motion to dismiss the affirmative defenses asserted in the answer and for summary judgment pursuant to CPLR 3212.

Ordered that the order is reversed, on the law, with costs, the motion is granted, and the matter is remitted to the Supreme Court, Nassau County, for entry of an appropriate judgment in accordance herewith.

The existence of a $100,000 promissory note given by the defendant to the plaintiff on May 5, 1983, and nonpayment according to its terms, have been admitted, and the plaintiff has thus demonstrated entitlement to judgment on the balance due (see, National Westminster Bank v Barrier Technology Corp., 131 AD2d 552; Ihmels v Kahn, 126 AD2d 701).

In order to establish an affirmative defense the defendant relies on two agreements dated March 21, 1983, and May 5, 1983, respectively, which set forth the terms of sale for certain equipment being sold for which the note was given. One provision of those agreements called for the plaintiff to indemnify the defendant's principal, Robert Rosselli, and hold him harmless for a judgment obtained by the Federal Deposit Insurance Corporation (hereinafter FDIC) against him. In 1986, and prior to the commencement of the instant action, the plaintiff sued Rosselli, claiming it was subrogated to the FDIC's security interest in certain other equipment and that Rosselli had interfered with this interest by converting the equipment subject to that interest. The defendant in the present action asserts that commencement of that action was a breach of the March 21, 1983, and May 5, 1983, agreements. However, under the circumstances, including the circumstances under which Rosselli bought the other equipment, his admission that it was not the same equipment covered by the 1983 sale, and the terms of the 1983 agreements themselves, we conclude that the 1986 action is immaterial to the rights

and obligations of the parties to those agreements and the note. Accordingly, the 1986 lawsuit cannot form the basis of a defense to the present action on the note (see, Zuckerman v City of New York, 49 NY2d 557; National Westminster Bank v Barrier Technology Corp., 131 AD2d 552, supra; Ihmels v Kahn, 126 AD2d 701, supra).

We have examined the defendant's remaining contentions and find them to be either unpreserved for appellate review or without merit. Bracken, J. P., Copertino, Pizzuto and Santucci, JJ., concur.