■ DOBY'S DELICATESSEN INC., Appellant, v MARY A. BRUNKARD et al., Respondents. [609 NYS2d 305] —In an action to recover on a series of promissory notes and to set aside a conveyance as fraudulent, the plaintiff appeals, as limited by its brief and oral argument, from so much of an order of the Supreme Court, Suffolk County (Werner, J.), entered March 10, 1992, as denied that branch of its motion which was for summary judgment on its cause of action to recover on certain promissory notes.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, summary judgment is granted to the plaintiff on its cause of action to recover on promissory notes, in the sum of $34,911.30 plus interest to be determined by the

Supreme Court, Suffolk County, and the matter is remitted to the Supreme Court, Suffolk County, for entry of an appropriate judgment.

In May 1987 the defendants Robert Brunkard and Mary Ann Brunkard (hereinafter the purchasers) contracted to purchase a retail grocery and delicatessen business from the plaintiff corporation, with the balance of the purchase price to be paid in a series of 84 promissory notes which the purchasers personally guaranteed. The contract of sale contained a representation regarding the gross weekly income of the business for the 10-week period preceding the execution of the contract, as well as a guarantee of the gross weekly income for a specified two-week period. During that two-week period, the purchasers audited the business, and determined that the guarantee was accurate. The closing on the contract for sale took place in August 1987. In May 1990, the delicatessen went out of business, and the following month the purchasers failed to pay on the promissory note then due, and all the notes thereafter due. Also in May 1990 the individual purchasers conveyed their home to their daughter, the defendant Dawn Marie Brunkard, without consideration. The plaintiff subsequently commenced this action to recover the outstanding debt, to set aside the May 1990 conveyance to Dawn Marie Brunkard as fraudulent, and to recover attorneys' fees under Debtor and Creditor Law § 276-a. In response, the defendants alleged fraudulent misrepresentation in the sale of the business. The plaintiff appeals from the denial of its motion for summary judgment.

The plaintiff satisfied its burden of coming forward with admissible evidence to support its motion for summary judgment against the purchasers and 524 Deli, Inc., on the promissory notes. In opposition to the summary judgment motion the defendants failed to submit adequate proof of an evidentiary nature to substantiate their allegations that the plaintiff fraudulently misrepresented the gross receipts of the business prior to the execution of the contract for sale, and similarly failed to explain why they operated the business for close to three years without raising any allegations of fraud, and then only defensively in response to the commencement of this action (see, Ward v Hanley, 130 AD2d 742; Great Neck Car Care Ctr. v Artpat Auto Repair Corp., 107 AD2d 658). Thus, the plaintiff is entitled to summary judgment on the cause of action to recover on the promissory notes. Rosenblatt, J. P., Lawrence, Altman and Goldstein, JJ., concur.