■ BERNARD BALART, Respondent, v MONIQUE A. ROMEO et al., Appellants. [628 NYS2d 509] —In an action to recover on a promissory note, the defendants appeal from an order of the Supreme Court, Queens County (Dunkin, J.), dated March 24, 1994, which granted plaintiff's motion for summary judgment in lieu of complaint pursuant to CPLR 3213.

Ordered that leave to appeal is granted from that portion of the order which set down the plaintiff's claim for attorneys' fees and expenses for a hearing; and it is further,

Ordered that the order is reversed, on the law, and the plaintiff's motion is denied, with costs; and it is further,

Ordered that the moving and answering papers are deemed the complaint and answer, respectively.

To obtain summary judgment in lieu of complaint *(see,* CPLR 3213), the plaintiff must establish his entitlement to judgment as a matter of law *(see, Zuckerman v City of New York,* 49 NY2d 557, 562; *Kruger Pulp & Paper Sales v Intact Containers,* 100 AD2d 894, 895) by proof of the promissory note in question and proof of nonpayment according to its terms *(see, Gateway State Bank v Shangri-La Private Club for Women,* 113 AD2d 791, *affd* 67 NY2d 627; *Badische Bank v Ronel Sys.,* 36 AD2d 763; *Seaman-Andwall Corp. v Wright Mach. Corp.,* 31 AD2d 136, 137, *affd* 29 NY2d 617). It is then incumbent upon the defendants to demonstrate, by admissible evidence, the existence of a triable factual issue *(see, Zuckerman v City of New York, supra,* at 560; *Kruger Pulp & Paper Sales v Intact Containers, supra,* at 895).

Delivery is the final step in the execution of an instrument and is as essential to impart validity to the paper as is the signature of the maker *(see, Irving Trust Co. v Leff,* 253 NY 359, 363 ["A check has no valid inception until delivery"]; *Matter of Williamson,* 264 App Div 615, *reh denied* 264 App Div 957 [certified check found after death of drawer in a sealed envelope addressed to payee is not enforceable against drawer's estate]). ˙

Here, it is uncontroverted that the promissory note in

question was delivered to an escrow agent and that the note was never delivered to the plaintiff. Therefore, whether the plaintiff is entitled to delivery of the note is a question of fact sufficient to defeat the motion *(see, Ehrlich v American Moninger Greenhouse Mfg. Corp.,* 26 NY2d 255, 259).

We have reviewed the defendant's remaining contentions and find them to be without merit. Mangano, P. J., Sullivan, Thompson and Hart, JJ., concur.