◼ KAREN DOMBROWSKI, Respondent, v COUNTY OF NASSAU, Appellant. [646 NYS2d 162] —In an action to recover damages for

personal injuries, the defendant County of Nassau appeals from (1) an order of the Supreme Court, Nassau County (Yachnin, J.), dated April 15, 1994, which granted the plaintiff's motion to compel production of certain documents and denied its cross motion for summary judgment dismissing the complaint, and (2) an order of the same court, dated April 12, 1995, which denied its motion to renew the prior motion and cross motion.

Ordered that the appeals from so much of (1) the order dated April 15, 1994, as granted the plaintiff's motion to compel protection of certain documents, and (2) the order dated April 12, 1995, as denied the branch of the defendant's motion which was to renew the plaintiff's motion are dismissed as withdrawn; and it is further,

Ordered that the order dated April 15, 1994, is reversed insofar as reviewed, on the law, the cross motion is granted, and the complaint is dismissed; and it is further,

Ordered that the appeal from so much of the order dated April 12, 1995, as denied the defendant's motion to renew its cross motion is dismissed as academic in light of the determination of the appeal from the order dated April 15, 1994, and it is further,

Ordered that the appellant is awarded one bill of costs.

The court erred in denying the defendant's cross motion for summary judgment dismissing the complaint. A review of the record demonstrates that the various documentary materials submitted by the defendant established its *prima facie* entitlement to judgment as a matter of law *(Winegrad v New York Univ. Med. Ctr.*, 64 NY2d 851; *Zuckerman v City of New York*, 49 NY2d 557). The plaintiff's opposing submissions were premised upon speculative allegations of wrongdoing, i.e., the plaintiff's belief or surmise that two police officers employed by the defendant may have witnessed her husband assaulting her, but did nothing to intervene.

Inasmuch as a motion for summary judgment may not be defeated by arguments and contentions based upon surmise, conjecture, and suspicion *(Shaw v Time-Life Records*, 38 NY2d 201; *Shapiro v Health Ins. Plan*, 7 NY2d 56, 63; *Mayer v Mc-Brunigan Constr. Corp.*, 105 AD2d 774), the defendant's cross motion should have been granted *(see, Seaboard Sur. Co. v Nigro Bros.*, 222 AD2d 574; *Charos v Esseks, Hefter & Angel*, 216 AD2d 511; *Schumer v Burtan*, 208 AD2d 823; *Manufacturers Hanover Trust Co. v Martin Lithographics*, 191 AD2d 617). Bracken, J. P., Thompson, Krausman and Goldstein, JJ., concur.