■ RESIDENTS FOR EQUITABLE AND AFFORDABLE PERMANENT SHELTER, INC., Appellant, v JAMES E.F. LAWRENCE et al., Respondents. [654 NYS2d 575] —In an action for a judgment declaring, among other things, that the defendants were lawfully removed as trustees of the plaintiff corporation, the plaintiff appeals, as limited by its brief, from stated portions of an order and judgment (one paper) of the Supreme Court, Westchester County (Cowhey, J.), entered October 31, 1995, which, *inter alia,* granted the defendants' cross motion for summary judgment dismissing the complaint and declared that the defendants are the "proper officers directors and trustees" of Residents for Equitable and Affordable Permanent Shelter, Inc.

Ordered that the order is affirmed, with costs.

The plaintiff corporation, Residents for Equitable and Affordable Permanent Shelter, Inc. (hereinafter REAPS), is a nonprofit corporation which supports the acquisition of land to provide housing and promote better living and a better community through land stewardship and land ownership.

On June 13, 1995, a special meeting of the Board of Trustees of REAPS was convened by request of a number of Board members to address the numerous complaints which had been lodged against William Allen, president of REAPS. As a result of the meeting, Allen was placed on probation and the Management Committee was directed to make a recommendation to the Board regarding Allen's future employment with the organization. Thereafter, the Management Committee suspended Allen. The recommendation of the Management Committee to terminate Allen was subsequently approved at a Board of Trustees meeting held on July 10, 1995.

However, in the interim, on July 6, 1995, a "special annual

membership meeting" was convened by Allen and his support-ers, at which those in attendance (1) voted to remove the exist-ing members of the Board and (2) elected a new Board of Trust-ees. Shortly thereafter, these newly elected trustees authorized the commencement of the instant action on behalf of the corporation, seeking a declaration that they were the duly elected and proper trustees of REAPS.

The Supreme Court granted the defendants' motion to dismiss the complaint and declared that the defendants were the proper trustees officers and directors of REAPS. We affirm.

Upon our review of the record, we agree with the Supreme Court that the purported annual meeting held on July 6, 1995, was invalid and therefore, the actions taken at the meeting, including the election of new members to the Board of Trust-ees, were nullities. Specifically, the defendants demonstrated their prima facie entitlement to judgment as a matter of law by, *inter alia*, establishing that the meeting in question was called without the requisite notice and in violation of other sections of the applicable by-laws (*see, e.g., Winegrad v New York Univ. Med. Ctr.*, 64 NY2d 851; *Zuckerman v City of New York*, 49 NY2d 557; *Dombrowski v County of Nassau*, 230 AD2d 705). The plaintiff's opposing submissions failed to substantiate their assertions that the meeting was properly conducted in ac-cord with the applicable by-laws.

Inasmuch as the actions taken at the July 6, 1995, meeting were invalid, the court properly dismissed the complaint and declared that the defendants constitute the proper officers, directors, and trustees of REAPS. Rosenblatt, J. P., O'Brien, Thompson and Luciano, JJ., concur.