■ SHELDON SEIDMAN, Appellant, v MELVIN D. UNGAR, Also Known as MOSHE (MELVIN) UNGAR, et al., Respondents. [666 NYS2d 963] —In an action to recover upon a promissory note, the plaintiff appeals from so much of an order of the Supreme Court, Kings County (Kramer, J.), entered November 14, 1996, as, upon renewal, adhered to its original determination denying his motion for summary judgment in lieu of complaint and granting the defendants' cross motion to compel arbitration.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, and, upon renewal, the plaintiff's motion for summary judgment in lieu of complaint is granted.

Since a party is free to withdraw from a common-law arbitration at any time and proceed by court action (*see, Finucane Co. v Board of Educ.*, 190 NY 76; McLaughlin, Practice Commentaries, McKinney's Cons Laws of NY, Book 7B, CPLR C7501:2, at 253), the plaintiff's motion for summary judgment in lieu of complaint on a promissory note was properly before the Supreme Court for disposition on the merits.

Upon our review of the plaintiff's motion papers, we find that the plaintiff is entitled to judgment on the note (CPLR 3213). There is no dispute that the promissory note was executed by the defendants; that it was to be paid back within six months; and that despite the plaintiff's demand, the defendants have never made payment and are in default under the note. Since there are no questions of fact presented with respect to the defendants' default, the plaintiff is entitled to summary judgment in lieu of complaint (*see, Silver v Jimsam Sales Corp.*, 190 AD2d 787; *Sexton v Fishman*, 184 AD2d 630). Bracken, J. P., Thompson, Krausman and Luciano, JJ., concur.