■ J.L.B. EQUITIES, INC., Appellant, v MIND OVER MONEY, LTD., Respondent. [691 NYS2d 65] —In an action to recover on a promissory note brought by motion for summary judgment in lieu of complaint pursuant to CPLR 3213, the plaintiff appeals from an order of the Supreme Court, Westchester County (Rosato, J.), entered June 22, 1998, which denied the motion.

Ordered that the order is reversed, on the law, the motion is

granted, and the matter is remitted to the Supreme Court, Westchester County, for the entry of an appropriate judgment.

The plaintiff established its entitlement to judgment as a matter of law by proof of the existence of a promissory note and nonpayment according to its terms (*see, Balart v Romeo,* 215 AD2d 616; *Gateway State Bank v Shangri-La Private Club for Women,* 113 AD2d 791, *affd* 67 NY2d 627; *Badische Bank v Ronel Sys.,* 36 AD2d 763). It was then incumbent upon the defendant to demonstrate, by admissible evidence, the existence of a triable issue of fact (*see, Zuckerman v City of New York,* 49 NY2d 557, 562; *Kruger Pulp & Paper Sales v Intact Containers,* 100 AD2d 894, 895).

The defendant contended that it was fraudulently induced to execute the promissory note upon the plaintiff's oral promise to enter into a joint venture agreement with it and, as a result, was led to believe that the money advanced by the plaintiff was a capital contribution and not a loan. The defendant failed to allege facts sufficient to show that at the time the plaintiff made its representation it never intended to honor or act on the promise (*see, Liberty Moving & Stor. Co. v Bay Shore Moving & Stor.,* 152 AD2d 682; *Lanzi v Brooks,* 54 AD2d 1057). Furthermore, the defendant's assertion that the money advanced was a capital contribution instead of a loan contradicts the clear language of the note (*see, Bosio v Selig,* 165 AD2d 822; *Blue Ridge Bus. Brokers v Rosmar Club,* 121 AD2d 492; *Hogan & Co. v Saturn Mgt.,* 78 AD2d 837). Since the defendant's unsupported allegations did not raise any material issue of fact, the plaintiff's motion for summary judgment in lieu of complaint pursuant to CPLR 3213 is granted. O'Brien, J. P., Ritter, Joy, Altman and Smith, JJ., concur.