■ JOSEPH T. SCUDERI, Respondent, v STEVEN F. AIELLO, Appellant. (Appeal No. 1.) [751 NYS2d 816] —Appeal from an order of Supreme Court, Onondaga County (Major, J.), entered November 1, 2001, which, inter alia, granted plaintiff's motion for summary judgment in lieu of complaint.

■ JOSEPH T. SCUDERI, Respondent, v STEVEN F. AIELLO, Appellant. (Appeal No. 2.) [751 NYS2d 889] —Appeal from a judgment of Supreme Court, Onondaga County (Major, J.), entered November 1, 2001, which awarded plaintiff $55,000, plus interest, costs and disbursements.

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously affirmed without costs.

Memorandum: Plaintiff commenced this action by motion for summary judgment in lieu of complaint pursuant to CPLR 3213, seeking to recover on a consolidated promissory note executed by defendant. Contrary to defendant's contention, Supreme Court properly granted plaintiff summary judgment. Plaintiff established his entitlement to summary judgment as a matter of law by submitting proof of the existence of the promissory note and that defendant defaulted in payment thereon (see James DeLuca, M.D., P.C. v North Shore Med. Imaging, 287 AD2d 488). The burden then shifted to defendant to establish by admissible evidence the existence of a triable issue of fact (see J.L.B. Equities v Mind Over Money, 261 AD2d 510). In opposition to the motion, defendant contended that the note and a letter agreement referenced in the note provided that defendant would use only the source of funds described in the letter agreement to pay plaintiff the amount due on the note. The note provides that plaintiff would be "entitled" to receive payment from that source of funds. There is, however, no provision in the note restricting plaintiff's right to receive payment from that source of funds alone (see Schmittler v Simon, 101 NY 554, 560-561). Furthermore, the note provides

that defendant's liability under the note is "unconditional." Thus, defendant failed to raise a triable issue of fact, and the court properly granted plaintiff summary judgment (*see Gregorio v Gregorio,* 234 AD2d 512, 513). Present—Green, J.P., Pine, Hurlbutt, Burns and Gorski, JJ.