██ NISSAN MOTOR ACCEPTANCE CORPORATION, Respondent, v THOMAS SCIALPI et al., Appellants. [921 NYS2d 548]—In an action to recover on a promissory note and guaranty brought by motion for summary judgment in lieu of complaint pursuant to CPLR 3213, the defendants separately appeal from (1) an order of the Supreme Court, Richmond County (McMahon, J.), dated March 12, 2010, which granted the plaintiff's motion for summary judgment, and (2) a judgment of the same court entered March 25, 2010, which, upon the order, is in favor of the plaintiff and against them in the principal sum of $1,685,838.48.

Ordered that the appeal from the order is dismissed; and it is further,

Ordered that the judgment is affirmed; and it is further,

Ordered that one bill of costs is awarded to the plaintiff.

The appeal from the order must be dismissed because the right of direct appeal therefrom terminated with the entry of judgment in the action (*see Matter of Aho*, 39 NY2d 241 [1976]). The issues raised on the appeal from the order are brought up for review and have been considered on the appeal from the judgment (*see* CPLR 5501 [a] [1]).

The plaintiff established its prima facie entitlement to judgment as a matter of law by submitting proof of the promissory note and guaranty, and of the defendants' failure to make the payments provided for by their terms (*see Northport Car Wash, Inc. v Northport Car Care, LLC*, 52 AD3d 794, 794-795 [2008]). In opposition, the defendants failed to raise a triable issue of fact. The conclusory and unsubstantiated allegations of fraud and misrepresentation set forth in affidavits submitted by the defendants are insufficient to meet this burden (*see Colonial*

*Commercial Corp. v Breskel Assoc.*, 238 AD2d 539 [1997]; *Bank Leumi Trust Co. of N.Y. v Rattet & Liebman*, 182 AD2d 541 [1992]; *Great Neck Car Care Ctr. v Artpat Auto Repair Corp.*, 107 AD2d 658, 659 [1985]; *see also Badenhop v Badenhop*, 271 AD2d 386, 387 [2000]; *Doby's Delicatessen v Brunkard*, 202 AD2d 626, 627 [1994]), as are the allegations of coercion, duress, and unconscionability (*see Morris v Snappy Car Rental*, 84 NY2d 21, 28 [1994]; *Matter of Sandhu v Mercy Med. Ctr.*, 35 AD3d 479 [2006]; *Gubitz v Security Mut. Life Ins. Co. of N.Y.*, 262 AD2d 451 [1999]; *Gallagher v Kazmierczuk*, 245 AD2d 418 [1997]).

Additionally, the defendants' claim that the note and guaranty are not instruments for the payment of money only is without merit. The fact that the interest rate is not set forth specifically in the note, but is tied to rates announced by certain banks, does not preclude recovery under CPLR 3213 (*see Apple Bank for Sav. v Mehta*, 202 AD2d 339, 340 [1994]; *Bank Leumi Trust Co. of N.Y. v Rattet & Liebman*, 182 AD2d at 542; *Schwartz v Turner Holdings*, 139 AD2d 458 [1988]).

The defendants' remaining contentions are without merit. Skelos, J.P., Belen, Lott and Cohen, JJ., concur.