■ JOAN DVOSKIN, Appellant, v GEORGE PRINZ et al., Respondents, et al., Defendant. [613 NYS2d 654] —In an action to enforce a valid stock option agreement, the plaintiff appeals from (1) an order of the Supreme Court, Nassau County (O'Shaughnessy, J.), dated November 6, 1991, which denied her motion for partial summary judgment on the plaintiff's first, third, fourth, and fifth causes of action and the affirmative defenses and counterclaims of the defendants George Prinz and Heidi Prinz, and (2) an order of the same court, dated February 14, 1992, which denied her motion to reargue.

Ordered that the appeal from the order dated February 14, 1992, is dismissed, as no appeal lies from an order denying reargument; and it is further,

Ordered that the order dated November 6, 1991, is reversed, on the law, the motion is granted, the affirmative defenses of George Prinz and Heidi Prinz are dismissed, the matter is remitted to the Supreme Court, Nassau County, for entry of an appropriate judgment against the defendants George Prinz and Heidi Prinz on the first, third, fourth, and fifth causes of action, and the remaining causes of action are severed; and it is further,

Ordered that the appellant is awarded one bill of costs.

A party establishes her prima facie entitlement to judgment on promissory notes as a matter of law by producing the promissory notes executed by the defendant and by establishing the defendant's default thereon *(see, Mlcoch v Smith,* 173 AD2d 443). After such a showing, it is incumbent upon the defendant to demonstrate, by admissible evidence, the existence of a triable factual issue *(see, Ihmels v Kahn,* 126 AD2d 701). Here, the plaintiff established her cause of action as a

matter of law. The respondents asserted that there were several valid defenses including breach of contract, waiver, estoppel, and release. These defenses amounted to nothing more than conclusory and unsubstantiated allegations which were insufficient to defeat a motion for summary judgment *(see, Bosio v Selig,* 165 AD2d 822).

The first counterclaim to recover damages for breach of the implied covenant of good faith and fair dealing was insufficient, since the respondents did not allege that the plaintiff sought to prevent the performance of the contracts or to withhold its benefits from the respondents *(see, Holmes Protection v Provident Loan Socy.,* 179 AD2d 400). The second counterclaim to recover damages for tortious interference with business relations was also legally insufficient. The record did not establish that the actions of the plaintiff prevented third parties from dealing with the respondents *(cf., WFB Telecommunications v NYNEX Corp.,* 188 AD2d 257). The third counterclaim alleging fraudulent misrepresentation is also without merit. It is clear the plaintiff informed the respondents of a possible labor claim before the execution of the agreement. It was alleged that the plaintiff told the respondents the labor claim was minimal. The New York State Department of Labor imposed a penalty and fine of over $200,000. The respondents, in assuming a major proprietary interest and in incurring a heavy financial obligation, unreasonably failed to investigate the truth of the alleged misrepresentation *(cf., Danann Realty Corp. v Harris,* 5 NY2d 317; *Most v Monti,* 91 AD2d 606).

We have examined the appellant's remaining contentions and find that they are without merit. Sullivan, J. P., Balletta, Copertino and Santucci, JJ., concur.