■ In the Matter of FUN ZONES OF STATEN ISLAND, INC. SALVATORE CASACCIO et al., Appellants, v MICHAEL MANCUSI et al., Respondents. [683 NYS2d 584] —In a proceeding pursuant to CPLR article 78, *inter alia,* to direct the respondents to recognize the petitioners as directors of Fun Zones of Staten Island, Inc., and to compel the respondents to release the corporate checkbooks and other corporate records of Fun Zones of Staten Island, Inc., the petitioners appeal from a judgment of the Supreme Court, Richmond County (John Leone, J.), dated November 3, 1997, which denied the petition and dismissed the proceeding.

Ordered that the judgment is affirmed, with costs.

The petitioners are former officers and directors of Fun Zones of Staten Island, Inc. (hereinafter Fun Zones). As part of an attempt to acquire majority control of Fun Zones, the petitioners obtained a limited proxy permitting them to vote the shares of Fun Zones' controlling shareholder, the respondent Childrobics'

Inc. (hereinafter Childrobics). Fun Zones' minority shareholder was the respondent Whitey Fords of Staten Island, Inc. (hereinafter Whitey).

However, prior to issuance of the limited proxy, Childrobics pledged its stock in Fun Zones to Whitey as collateral to secure repayment of 24 promissory notes totalling $200,000, and placed the stock in escrow. Pursuant to the terms of the agreement between Childrobics and Whitey, the collateral was to be delivered to Whitey in the event Childrobics defaulted and failed to cure the default. It is undisputed that Childrobics defaulted on its obligation to pay one of the promissory notes and failed to cure the default within the time allowed.

The petitioners' conclusory and unsubstantiated contention that Whitey breached an agreement which would have resulted in a cure of the default is unsupported by the record and is insufficient to demonstrate that Whitey was not entitled to immediate possession of the stock (*see, North Fork Bank v Hamptons Mist Mgt. Corp.*, 225 AD2d 596; *Dvoskin v Prinz*, 205 AD2d 661; *Bosio v Selig*, 165 AD2d 822). Accordingly, the limited proxy given to the petitioners by Childrobics was void, and the proceeding was properly dismissed (*see*, CPLR 7802, 7804; *cf., DeMarco v Clove Estates*, 250 AD2d 724).

The petitioners' remaining contentions are without merit. Sullivan, J. P., Krausman, Goldstein and Luciano, JJ., concur.