(October 25, 1999)

■ AVENTINE INVESTMENT MANAGEMENT, INC., Respondent, v CANADIAN IMPERIAL BANK OF COMMERCE, Appellant. [697 NYS2d 128] —In an action, *inter alia*, to recover damages for breach of contract, the defendant appeals, as limited by its brief, from so much of (1) an order of the Supreme Court, Suffolk County (Henry, J.), dated June 30, 1998, as denied that branch of its motion which was to dismiss the first cause of action asserted in the amended complaint to recover damages for breach of contract based on an implied covenant of good faith and fair dealing, and (2) an order of the same court, dated December 23, 1998, as, upon reargument, adhered to so much of the order dated June 30, 1998, as denied that branch of its motion which was to dismiss the second cause of action asserted in the amended complaint for reformation of the contract based on mutual mistake.

Ordered that the order dated June 30, 1998, is reversed insofar as appealed from, on the law, that branch of the defendant's motion which was to dismiss the first cause of action asserted in the amended complaint to recover damages for breach of contract based on an implied covenant of good faith and fair dealing is granted, and the first cause of action asserted in the amended complaint is dismissed in its entirety; and it is further,

Ordered that the order dated December 23, 1998, is reversed insofar as appealed from, on the law, that branch of the defendant's motion which was to dismiss the second cause of action asserted in the amended complaint for reformation of the contract based on mutual mistake is granted, and the second cause of action asserted in the amended complaint is dismissed in its entirety; and it is further,

Ordered that the defendant is awarded one bill of costs.

Within every contract is an implied covenant of good faith

and fair dealing (*see, Rowe v Great Atl. & Pac. Tea Co.,* 46 NY2d 62). This covenant is breached when a party to a contract acts in a manner that, although not expressly forbidden by any contractual provision, would deprive the other party of the right to receive the benefits under their agreement (*see, Jaffe v Paramount Communications,* 222 AD2d 17, 22-23). For a complaint to state a cause of action alleging breach of an implied covenant of good faith and fair dealing, the plaintiff must allege facts which tend to show that the defendant sought to prevent performance of the contract or to withhold its benefits from the plaintiff (*see, Dvoskin v Prinz,* 205 AD2d 661, 662; *Holmes Protection v Provident Loan Socy.,* 179 AD2d 400). At bar, even the most liberal reading of the amended complaint, together with the affidavit of the plaintiff's president, shows that they fail to sufficiently state a cause of action alleging breach of an implied covenant of good faith and fair dealing (*see, Cohn v Lionel Corp.,* 21 NY2d 559; *Kain v Larkin,* 141 NY 144; *Components Direct v European Am. Bank & Trust Co.,* 175 AD2d 227).

The plaintiff also fails to state a cause of action for reformation of the contract based on mutual mistake. A claim of mutual mistake is stated where the allegations indicate that the parties have reached an oral agreement and, unknown to either, the signed writing does not express that agreement (*see, Chimart Assocs. v Paul,* 66 NY2d 570, 573). Here, both the plaintiff's amended complaint and the affidavit of its president, whether read separately or together, fail to state a cause of action alleging reformation based on the mistake of both parties. While the plaintiff's president may have unilaterally misunderstood the parties' agreement, such does not provide a basis for reformation. "One who enters into a plain and unambiguous contract cannot avoid the obligation by merely stating that he erred in understanding its terms" (*Touloumis v Chalem,* 156 AD2d 230, 232). Accordingly, the court should have granted the defendant's motion to dismiss the first and second causes of action asserted in the amended complaint. Santucci, J. P., Thompson, Sullivan and Smith, JJ., concur.