WILLIAM PATRICK et al., Appellants, v PEOPLE, INC., Respondent. (Appeal No. 1.) [782 NYS2d 479]—

Appeal from an order of the Supreme Court, Erie County (Donna M. Siwek, J.), entered May 19, 2003. The order denied plaintiffs' motion for partial summary judgment on the issue of liability pursuant to Labor Law § 240 (1).

It is hereby ordered that the order so appealed from be and the same hereby is unanimously reversed on the law without costs and the motion is granted.

Memorandum: Plaintiffs appeal from an order denying their motion seeking partial summary judgment on the issue of defendant's liability pursuant to Labor Law § 240 (1). William Patrick (plaintiff) was employed by a commercial painting company hired by defendant to paint a barn. Plaintiff was preparing the peak area of the barn for painting when he was attacked by a swarm of bees. Plaintiff was standing on a pick, described by him as a 16-foot-long, 12-inch-wide metal board hung by hooks onto extension ladders that were propped against the barn at either end of the board. While attempting to swat the bees away from his face, plaintiff stepped backward off the pick and fell 20 to 25 feet to the ground. Supreme Court determined that, because plaintiffs failed to establish that the pick was defective, they did not establish their entitlement to judgment as a matter of law. That was error. Labor Law § 240 (1) imposes liability upon owners where there is a failure to provide "scaffolding . . . and other devices which shall be so constructed, placed and operated as to give proper protection to

a person . . . employed" in, inter alia, painting a building. The pick upon which plaintiff was standing did not have safety rails (*see Wright v State of New York,* 66 NY2d 452, 461 [1985]), and no other safety devices were provided that may have prevented plaintiff's fall (*see Felker v Corning Inc.,* 90 NY2d 219, 225 [1997]; *Rounds v Gibralter Steel Corp.,* 305 AD2d 1018 [2003]; *Majewski v U.S. Food Serv.,* 291 AD2d 821, 822 [2002]). Plaintiffs established that there was a violation of section 240 (1), and "there is no view of the evidence here which could lead to the conclusion that the violation of Labor Law § 240 (1) was not the proximate cause of the accident" (*Felker,* 90 NY2d at 225; *see Wright,* 66 NY2d at 461; *Rounds,* 305 AD2d 1018; *Majewski,* 291 AD2d at 822; *cf. Blake v Neighborhood Hous. Servs. of N.Y. City,* 1 NY3d 280, 287 [2003]; *Ross v Threepees Realty Corp.,* 258 AD2d 575 [1999]). Present—Pine, J.P., Scudder, Kehoe, Martoche and Lawton, JJ.