■ KEIKO CRESCENTINI, Respondent, v SLATE HILL BIOMASS ENERGY, LLC, et al., Appellants, et al., Defendants. [979 NYS2d 635]—

Contrary to the contentions of the defendants Slate Hill Bio-

mass Energy, LLC, and Loretta Oliva (hereinafter together the Slate Hill defendants), the Supreme Court properly denied their motion pursuant to CPLR 3211 (a) and 3016 (b) to dismiss the complaint insofar as asserted against them on the ground that the plaintiff failed to plead fraud with the requisite specificity. To properly plead a cause of action to recover damages for fraud, a plaintiff must allege that (1) the defendant made a false representation of fact, (2) the defendant had knowledge of the falsity, (3) the misrepresentation was made in order to induce the plaintiff's reliance, (4) there was justifiable reliance on the part of the plaintiff, and (5) the plaintiff was injured by the reliance (*see Vermont Mut. Ins. Co. v McCabe & Mack, LLP*, 105 AD3d 837 [2013]; *Pace v Raisman & Assoc., Esqs., LLP*, 95 AD3d 1185 [2012]). In addition, CPLR 3016 (b) requires that where a cause of action is based upon misrepresentation, fraud, mistake, willful deceit, breach of trust, or undue influence, the circumstances constituting the wrong shall be stated in detail. This pleading requirement "should not be confused with unassailable proof of fraud," and "may be met when the facts are sufficient to permit a reasonable inference of the alleged conduct" (*Pludeman v Northern Leasing Sys., Inc.*, 10 NY3d 486, 492 [2008]; *see Eurycleia Partners, LP v Seward & Kissel, LLP*, 12 NY3d 553, 559 [2009]; *McDonnell v Bradley*, 109 AD3d 592, 593 [2013]). Viewing the complaint in the light most favorable to the plaintiff, and deeming all allegations therein to be true (*see Auguston v Spry*, 282 AD2d 489 [2001]), the plaintiff has sufficiently pleaded all of the elements of fraud.

However, the Slate Hill defendants correctly contend that the Supreme Court erred in requiring Oliva to offer the plaintiff additional security in the sum of $1,065,000 as a condition of denying the plaintiff's motion for a preliminary injunction, and in directing the continuance of a temporary restraining order pending judicial approval of the additional security. In determining the motion for a preliminary injunction, the Supreme Court concluded that the plaintiff had not shown that she would suffer irreparable injury absent the granting of a preliminary injunction. Upon making this determination, it was error to deny the preliminary injunction motion on the condition that additional security be provided, and to continue the temporary restraining order pending approval of the additional security. Pursuant to CPLR 6301, a temporary restraining order may be granted pending a hearing for a preliminary injunction where it appears that immediate and irreparable injury, loss, or damage will result unless the defendant is restrained before the hearing can be held. Once the court determined that the plaintiff had not shown that she would suffer irreparable injury, there was no basis to continue the temporary restraining order.

We reject the Supreme Court's reasoning that, since the plaintiff might have been entitled to an order of attachment pursuant to CPLR 6201 (3), it was therefore proper to direct Oliva to offer the plaintiff additional security. The plaintiff did not move for an order of attachment and, even had she done so, she would not have been entitled to one, as she did not establish that the Slate Hill defendants, with intent to defraud her or frustrate the enforcement of a judgment that might be rendered in her favor, had assigned, disposed of, encumbered, or secreted property, or removed it from the state, or were about to do any of those acts (*see* CPLR 6201 [3]; *Benedict v Browne*, 289 AD2d 433 [2001]). Accordingly, the possibility that the plaintiff might have sought the provisional remedy of attachment did not provide a basis for the court to direct Oliva to pay additional security to the plaintiff.

We note that the temporary restraining order was set forth in an order to show cause that provided that the temporary restraining order would only remain in effect pending the hearing and determination of the plaintiff's motion for a preliminary injunction. Since the preliminary injunction motion has been decided, and we have deleted the provision of the order appealed from extending the effective dates of the temporary restraining order, the temporary restraining order is no longer in effect. In light of our determination, we discern no basis on which to disturb the Supreme Court's determination to deny, as academic, the Slate Hill defendants' separate motion to vacate the temporary restraining order, since our determination has caused the temporary restraining order to expire. Dillon, J.P., Leventhal, Hall and Cohen, JJ., concur.