Here, accepting the facts as alleged in the pleading to be true, and according the plaintiffs the benefit of every favorable inference, the amended complaint sufficiently pleads, with the required particularity (*see* CPLR 3016 [b]), causes of action against the appellants to recover damages for fraud and conspiracy to defraud (*see Crescentini v Slate Hill Biomass Energy, LLC*, 113 AD3d 806 [2014]; *Summit Dev. Corp. v Interstate Masonry Corp.*, 105 AD3d 1031, 1032 [2013]; *Levin v Kitsis*, 82 AD3d 1051 [2011]). Skelos, J.P., Leventhal, Chambers and Maltese, JJ., concur.

■ RAMON NEREY et al., Respondents, v GREENPOINT MORT-GAGE FUNDING, INC., et al., Defendants, and STEPHEN J. SIKOR-SKI, Appellant. [983 NYS2d 888]—

In an action, inter alia, to recover damages for fraud, the defendant Stephen J. Sikorski appeals from so much of an order of the Supreme Court, Queens County (Grays, J.), entered June 29, 2012, as denied those branches of his motion which were pursuant to CPLR 3211 (a) (7) to dismiss the fourth and seventh causes of action of the amended complaint insofar as asserted against him.

Ordered that the order is affirmed insofar as appealed from, with costs.

On a motion to dismiss a complaint pursuant to CPLR 3211 (a) (7), the court must liberally construe the complaint, accept all facts as alleged in the pleading to be true, accord the plaintiff the benefit of every favorable inference, and determine only whether the facts as alleged fit within any cognizable legal theory (*see Leon v Martinez*, 84 NY2d 83, 87-88 [1994]; *Minovici v Belkin BV*, 109 AD3d 520, 521 [2013]; *Rabos v R&R Bagels & Bakery, Inc.*, 100 AD3d 849, 851 [2012]).

Here, accepting the facts as alleged in the pleading to be true, and according the plaintiffs the benefit of every favorable inference, the amended complaint sufficiently pleads, with the required particularity (*see* CPLR 3016 [b]), causes of action against the defendant Stephen J. Sikorski to recover damages for aiding and abetting fraud and conspiracy to defraud (*see AIG Fin. Prods. Corp. v ICP Asset Mgt., LLC*, 108 AD3d 444 [2013]; *Levin v Kitsis*, 82 AD3d 1051 [2011]). Skelos, J.P., Leventhal, Chambers and Maltese, JJ., concur.

■ RAMON NEREY et al., Appellants-Respondents, v GREEN-POINT MORTGAGE FUNDING, INC., et al., Defendants, and STEVEN WEISS, Respondent-Appellant. [985 NYS2d 252]—