In an action, inter alia, to recover damages for breach of contract, fraud, and breach of the implied covenant of good faith and fair dealing, the plaintiffs appeal, as limited by their brief, from so much of an order of the Supreme Court, Westchester County (Walker, J.), entered April 11, 2013, as granted those branches of the defendants’ motion which were pursuant to CPLR 3211 (a) (7) to dismiss the third and fourth causes of action.
Ordered that the order is affirmed insofar as appealed from, with costs.
Over a period of nearly four years, commencing in June 2008, the plaintiffs hired the defendants to perform various landscape design and masonry work projects at their home. The plaintiffs subsequently commenced this action seeking damages, inter alia, for breach of contract, fraud, and breach of the implied covenant of good faith and fair dealing. The plaintiffs allege that they were fraudulently induced to hire the defendants by the low estimates the defendants provided for each project. The plaintiffs further claim that during the course of completing the projects, the defendants charged them substantially more than the quoted estimates.
The defendants moved, inter alia, pursuant to CPLR 3211 (a) (7) to dismiss the third cause of action, which alleged fraud, and the fourth cause of action, which alleged breach of the implied covenant of good faith and fair dealing. The Supreme Court granted those branches of the defendants’ motion, and the plaintiffs appeal.
On a motion pursuant to CPLR 3211 (a) (7) to dismiss a pleading for failure to state a cause of action, the pleading must be liberally construed, the factual allegations must be deemed true, and the pleading party must be accorded the benefit of every possible favorable inference (see Leon v Martinez, 84 NY2d 83, 87 [1994]; Fuller v Collins, 114 AD3d 827 [2014]; Kopelowitz & *693 Co., Inc. v Mann, 83 AD3d 793, 797 [2011]; Panish v Panish, 24 AD3d 642, 643 [2005]).
To properly plead a cause of action to recover damages for fraud, a plaintiff must allege that (1) the defendant made a false representation of fact, (2) the defendant had knowledge of the falsity, (3) the misrepresentation was made in order to induce the plaintiffs reliance, (4) there was justifiable reliance on the part of the plaintiff, and (5) the plaintiff was injured by the reliance (see Crescentini v Slate Hill Biomass Energy, LLC, 113 AD3d 806 [2014]; Vermont Mut. Ins. Co. v McCabe & Mack, LLP, 105 AD3d 837, 839 [2013]; Pace v Raisman & Assoc., Esqs., LLP, 95 AD3d 1185, 1188-1189 [2012]). In addition, CPLR 3016 (b) requires, in relevant part, that where a cause of action is based upon fraud, the circumstances constituting the wrong shall be stated in detail.
Applying these principles here, the Supreme Court properly granted that branch of the defendants’ motion which was to dismiss the third cause of action, which alleged fraud. The complaint asserted only in conclusory terms that the estimates provided by the defendants were too low, and failed to adequately plead facts from which it could be inferred that the defendants knew their estimates were false at the time they were provided (see Sklover & Donath, LLC v Eber-Schmid, 71 AD3d 497, 498 [2010]; see also Genovese v State Farm Mut. Auto. Ins. Co., 106 AD3d 866, 867 [2013]; Tsutsui v Barasch, 67 AD3d 896, 899 [2009]).
The Supreme Court also properly granted that branch of the defendants’ motion which was to dismiss the fourth cause of action, which alleged breach of the implied covenant of good faith and fair dealing. Implicit in every contract is a covenant of good faith and fair dealing, which encompasses any promise that a reasonable promisee would understand to be included (see New York Univ. v Continental Ins. Co., 87 NY2d 308, 318 [1995]; Staffenberg v Fairfield Pagma Assoc., L.P., 95 AD3d 873, 875 [2012]). The covenant is breached “where one party to a contract seeks to prevent its performance by, or to withhold its benefits from, the other” (Collard v Incorporated Vil. of Flower Hill, 75 AD2d 631, 632 [1980], affd 52 NY2d 594 [1981]; see Aventine Inv. Mgt. v Canadian Imperial Bank of Commerce, 265 AD2d 513, 514 [1999]; Dvoskin v Prinz, 205 AD2d 661, 662 [1994]). The fourth cause of action fails to state a cause of action because it does not contain any allegation that the defendants sought to prevent the performance of a contract, or to withhold the benefits of a contract from the plaintiffs (see Aventine Inv. Mgt. v Canadian Imperial Bank of Commerce, 265 *694 AD2d at 514).
Rivera, J.E, Leventhal, Hinds-Radix and Maltese, JJ., concur.