Guzman v North Syracuse Cent. Sch. Dist. (2018 NY Slip Op 00975)





Guzman v North Syracuse Cent. Sch. Dist.


2018 NY Slip Op 00975


Decided on February 9, 2018


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on February 9, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: PERADOTTO, J.P., CARNI, LINDLEY, CURRAN, AND TROUTMAN, JJ.


87 CA 17-01454

[*1]VICTOR GUZMAN, JR., AN INFANT, BY HIS MOTHER AND NATURAL GUARDIAN, MARISSA FOURNIER AND MARISSA FOURNIER, INDIVIDUALLY, PLAINTIFFS-APPELLANTS,
v
NORTH SYRACUSE CENTRAL SCHOOL DISTRICT, DEFENDANT-RESPONDENT. 






A.A. CASTRO C.L.A.N. PLLC, NEW YORK CITY (ANGEL ANTONIO CASTRO, III, OF COUNSEL), FOR PLAINTIFFS-APPELLANTS. 
BOND, SCHOENECK & KING, PLLC, SYRACUSE (KATE REID OF COUNSEL), FOR DEFENDANT-RESPONDENT. 


 Appeal from an order of the Supreme Court, Onondaga County (Gregory R. Gilbert, J.), entered April 10, 2017. The order granted the motion of defendant for summary judgment dismissing the complaint, and denied the cross motion of plaintiffs for partial summary judgment on the breach of contract cause of action. 
It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.
Memorandum: Plaintiff Marissa Fournier (plaintiff mother) is the mother of the infant plaintiff (hereafter, plaintiff), a student residing in defendant, North Syracuse Central School District (District). In 2008, plaintiff was identified by the District's Committee on Special Education (CSE) as a student with a disability and was classified autistic. Since that time, the District's CSE, which includes, among others, plaintiff's parents, has developed individual education plans (IEPs) for each school year. After various disputes arose between the parties, the parties entered into a resolution agreement (hereafter, Agreement) in November 2015. As relevant to this appeal, the Agreement provided that, for the 2015-2016 school year and the following two school years, the District would "bear the cost of up to $36,562.50 towards either: (1) the Student's tuition at the Vincent Smith School in Long Island, New York; or (2) the Student's tuition at another private school in New York State of the Parent's choosing . . . , upon receipt of satisfactory proof of the Student's enrollment." At the conclusion of the 2015-2016 school year, the Dean of Students at the Vincent Smith School informed plaintiff mother that the private school was not an appropriate place for plaintiff because he needed a "therapeutic environment."
Plaintiffs commenced this action alleging causes of action for, inter alia, breach of contract. Specifically, plaintiffs alleged that plaintiff mother contacted a therapeutic residential school for plaintiff but was told that the District needed to provide a referral before she could begin the application process. According to plaintiff mother, the District failed to provide a referral, in breach of the Agreement. The District moved for summary judgment dismissing the complaint, and plaintiffs cross-moved for partial summary judgment on the breach of contract cause of action. Supreme Court granted the District's motion and denied plaintiffs' cross motion. We affirm.
Plaintiffs contend that the District breached an implied covenant of good faith and fair dealing under the Agreement by failing to provide plaintiff mother with a referral so that she could meet the condition precedent of enrolling plaintiff in the therapeutic residential school. Every contract contains an implied covenant of good faith and fair dealing (see Rowe v Great Atl. & Pac. Tea Co. , 46 NY2d 62, 68 [1978]), and "[t]his covenant is breached when a party to a contract acts in a manner that, although not expressly forbidden by any contractual provision, would deprive the other party of the right to receive the benefits under their agreement" (Aventine Inv. Mgt. v Canadian Imperial Bank of Commerce , 265 AD2d 513, 514 [2d Dept 1999]). Here, the Agreement contains no provision requiring the District to provide a referral for plaintiff to enroll in a "residential therapeutic school" and we will not, by implication, impose one. Indeed, it is not the province of a court to remake the parties' contract under the guise of an implied covenant (see Rowe , 46 NY2d at 69). 
Entered: February 9, 2018
Mark W. Bennett
Clerk of the Court