19-3110-cv
*Osuna v. Citigroup Inc., et al.*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 15th day of July, two thousand twenty.

PRESENT:   DENNY CHIN,
                      SUSAN L. CARNEY,
                      STEVEN J. MENASHI,
                                *Circuit Judges.*
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

AMADO YÁÑEZ OSUNA, OCEANOGRAFIA S.A.
DE C.V.,
                                *Plaintiffs-Appellants,*


            -v-                                                      19-3110-cv

CITIGROUP INC., CITIBANK, N.A., CITIGROUP
GLOBAL MARKETS, INC.,
                                *Defendants-Appellees,*

BANCO NACIONAL DE MEXICO, S.A.,
                                *Defendant.*

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

FOR PLAINTIFFS-APPELLANTS: Mark Maney, Maney & González-Félix P.C., Houston, Texas.

FOR DEFENDANTS-APPELLEES: Adam S. Hakki, Daniel C. Lewis, and Michael P. Mitchell, Shearman & Sterling LLP, New York, New York, and Washington, D.C.

Appeal from the United States District Court for the Southern District of New York (Sullivan, *J.*).

**ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Plaintiffs-appellants Amado Yáñez Osuna ("Yáñez") and Oceanografía S.A. de C.V. ("OSA," together with Yáñez, "plaintiffs"), appeal from a judgment of the district court, entered September 6, 2019, dismissing its complaint against defendants-appellees Citigroup Inc., Citibank N.A., Citigroup Global Markets Inc. (collectively, "Citi") and Banco Nacional de México, S.A. ("Banamex" and, together with Citi, "defendants"), on *forum non conveniens* grounds and for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6). Plaintiffs commenced this suit, alleging claims for malicious prosecution, tortious interference, breach of contract, and fraud in connection with the seizure of OSA and the criminal prosecution of Yáñez by Mexican authorities in 2014. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

The following facts are taken from the first amended complaint ("FAC") and are presumed to be true for purposes of the appeal. OSA is an oilfield-services company organized under Mexican law and headquartered in Mexico City. OSA's primary business was "providing oilfield services to Petróleos Mexicanos, commonly known as 'Pemex,'" which is "Mexico's national oil enterprise." J. App'x at 148. Yáñez is a Mexican citizen residing in Mexico, who served as OSA's chief executive and majority owner from 2007 until 2014. Banamex, an indirect, wholly owned subsidiary of Citigroup Inc., is a bank organized under the laws of Mexico and headquartered there.

Several financial relationships existed between plaintiffs and defendants. In 2012, OSA established a "working capital facility" with Banamex (the "2012 facility"), which allowed OSA to receive financing on the "expected cash flow from [OSA's] Pemex contracts." J. App'x at 165-66. Citi also provided OSA other financial services, including: facilitating the issuance of OSA bonds in 2008, advising OSA on two acquisitions in 2012, and serving as OSA's financial advisor in a separate equity investment.

In February 2014, a Mexican agency audited OSA's Pemex contracts and discovered that OSA failed to properly post required performance bonds. Pemex subsequently identified 166 "forged or altered" Pemex documents relating to OSA and the 2012 facility. J. App'x at 174. Plaintiffs assert that Citi thereafter engaged in a "false public relations campaign" to shift the blame to OSA and Yáñez for the forged Pemex

3

documents.  J. App'x at 177.  On February 28, 2014, Citi issued a press release disclosing the fraud involving OSA, confirming its cooperation with law enforcement, and adjusting its earnings downward by $360 million because of "uncertainty about Pemex's obligation to pay Citigroup."  J. App'x at 178-79.

On September 27, 2018, the district court issued a Memorandum and Order, dismissing plaintiffs' contract claims for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6) because plaintiffs "failed to demonstrate that the contracts in question in any way prohibited Defendants from accusing OSA of fraud or from cooperating with Mexican authorities in their investigative efforts," S. App'x at 6, and dismissing the remaining tort claims on *forum non conveniens* grounds, holding that "this dispute is, at bottom, a controversy centered in Mexico," S. App'x at 14.

Plaintiffs sought reconsideration of the district court's dismissal of OSA's contract claims and requested leave to amend the FAC.  On August 10, 2019, the district court denied plaintiffs' motion, concluding that plaintiffs failed to identify any legal or factual errors in the dismissal order and that the contemplated amendments could not save OSA's breach of contract claims.  Judgment entered September 6, 2019.  This appeal followed.

### DISCUSSION

On appeal, plaintiffs argue that the district court erred by:  (1) improperly dismissing the contract claims for failure to state a claim, (2) incorrectly applying the

4

*forum non conveniens* analysis, and (3) improperly denying leave to amend.  For the following reasons, we disagree and affirm the district court's judgment.

## I.  *Contract Claims*

"We review a district court's grant of a motion to dismiss under Rule 12(b)(6) *de novo*."  *Edwards v. Sequoia Fund, Inc.*, 938 F.3d 8, 12 (2d Cir. 2019).  In evaluating whether a complaint states a claim, "we accept as true all factual allegations and draw from them all reasonable inferences; but we are not required to credit conclusory allegations or legal conclusions couched as factual . . . allegations."  *Nielsen v. Rabin*, 746 F.3d 58, 62 (2d Cir. 2014) (internal quotation marks omitted).  Plaintiffs' contract claims rely on several different agreements:  Citibank, N.A. acted as trustee for the issuance of OSA bonds in 2008 pursuant to an indenture agreement (the "2008 indenture"), and Citigroup Global Markets Inc. entered two contracts to advise OSA on two separate acquisitions in 2012 (the "2012 agreements").[1]

First, the district court properly dismissed the contract claims because plaintiffs failed to plausibly allege any breach arising from the 2008 indenture or 2012 agreements.  As to the 2008 indenture, the district court correctly found that no indenture provisions extended to the alleged unlawful conduct here -- namely, Citi's public statements regarding plaintiffs' involvement in the fraud.  Similarly, as to the

---

[1]     Plaintiffs also alleged that a fourth contract exists relating to an equity investment that was governed by "the same contract originally applicable to the [2012] acquisition."  J. App'x at 154.  For purposes of this appeal, this fourth contract is included under the 2012 agreements.

5

2012 agreements, the district court properly dismissed these claims because the agreements did not "contain terms from which the Court could infer that the parties expected Citi to refrain from accusing OSA of fraud." S. App'x at 21 (brackets omitted).

Second, the district court also properly rejected plaintiffs' contention that Citi breached any implied covenant of good faith and fair dealing arising from the contracts. Under New York law, "to state a cause of action alleging breach of an implied covenant of good faith and fair dealing, the plaintiff must allege facts which tend to show that the defendant sought to prevent performance of the contract or to withhold its benefits from the plaintiff." *Aventine Inv. Mgmt., Inc. v. Canadian Imperial Bank of Commerce*, 697 N.Y.S.2d 128, 130 (2d Dep't 1999). "The boundaries set by the duty of good faith are generally defined by the parties' intent and reasonable expectations in entering the contract." *Cross & Cross Properties, Ltd. v. Everett Allied Co.*, 886 F.2d 497, 502 (2d Cir. 1989) (citing Restatement (Second) of Contracts § 205 (1981)). Here, plaintiffs failed to plausibly allege any specific duty imposed on defendants to abstain from publicly discussing OSA's involvement with the Pemex fraud. Indeed, neither the 2008 indenture nor the 2012 agreements had any relation to the alleged fraudulent scheme discovered in 2014, and plaintiffs' failure to allege any plausible connection renders their good faith and fair dealing claim meritless.

6

## II.     *Forum Non Conveniens*

We review a district court's dismissal of a complaint on *forum non con conveniens* grounds -- applying the three-step test of *Iragorri v. United Techs. Corp.*, 274 F.3d 65, 70-75 (2d Cir. 2001) (en banc) -- for clear abuse of discretion.  *See Norex Petroleum Ltd. v. Access Indus., Inc.,* 416 F.3d 146, 153 (2d Cir. 2005).  On appeal, plaintiffs argue that the district court failed to give proper deference to its choice of forum, failed to weigh federal and state policies, and improperly balanced the private and public interest factors.  We disagree.[2]

First, the district court must determine the level of deference given to plaintiff's choice of forum, *id.*, which "moves on a sliding scale depending on several relevant considerations," *Iragorri*, 274 F.3d at 71.  Here, the district court properly found that, plaintiffs, as foreign residents, are afforded "less consideration" on this sliding scale, especially where, as here, "a plausible likelihood exists that the selection was made for forum-shopping reasons."  *Id.*  Yáñez conceded that he would "prefer to try his claims away from the Mexican press," J. App'x at 806, thereby admitting that his unpopularity was a relevant consideration in selecting a forum.  *See Iragorri*, 274 F.3d at

---

[2]     As a threshold issue, the district court properly rejected plaintiffs' contention that the Edge Act, 12 U.S.C. § 611 *et seq.*, provided jurisdiction "over matters involving international or foreign banking."  Appellants' Br. at 45.  This Court has explained that even if a statute provides jurisdiction, "there remains the authority to reject that jurisdiction for reasons of convenience, judicial economy and justice" under *forum non conveniens*.  *In re Arbitration Between Monegasque De Reassurances S.A.M. v. Nak Naftogaz of Ukraine*, 311 F.3d 488, 497 (2d Cir. 2002).

72 (recognizing that "plaintiff's popularity or the defendant's unpopularity in the region" is one relevant factor is assessing the likelihood of forum-shopping).

Second, the district court must determine whether the defendants' proposed forum is adequate. *Norex*, 416 F.3d at 153. A proposed forum "is adequate if the defendants are amenable to service of process there, and if it permits litigation of the subject matter of the dispute." *Id.* at 157 (quoting *Pollux Holding Ltd. v. Chase Manhattan Bank*, 329 F.3d 64, 75 (2d Cir. 2003)). Here, Citi is amenable to service of process in Mexico and plaintiffs conceded below that Mexican courts are "generally adequate forums" to resolve this dispute, notwithstanding the previously dismissed contract claims. J. App'x at 809. In light of these concessions, the district court properly concluded that Mexico was an adequate alternative forum.

Third, the district court must consider whether the "balance of private and public interest factors tilts heavily in favor of the alternative forum." *Abdullahi v. Pfizer, Inc.*, 562 F.3d 163, 189 (2d Cir. 2009). Plaintiffs contend that the district court improperly weighed the private and public factors by: (1) failing to assess Citi's motives in seeking dismissal; (2) improperly focusing on events and witnesses in Mexico; and (3) imposing dismissal conditions that are illusory. Plaintiffs' arguments are without merit. The district court properly weighed the private interest factors in evaluating the location and convenience of accessing the evidence, and correctly balanced the public factors in light of the dispute's significant connections to Mexico.

8

Accordingly, for substantially the reasons explained by the district court, we agree that the public and private interest factors tilt heavily toward Mexico as the appropriate forum.

**III.    *Leave to Amend***

Finally, the district court properly denied plaintiffs leave to amend. We review *de novo* a district court's denial of a motion for leave to amend a complaint on the ground of futility. *Panther Partners Inc. v. Ikanos Commc'ns, Inc.*, 681 F.3d 114, 119 (2d Cir. 2012). We agree that plaintiffs' proposed amendments would be futile because they could neither change the terms of the disputed contracts nor refute the substantial connections to Mexico in this case. *See Lucente v. Int'l Bus. Machs. Corp.*, 310 F.3d 243, 258 (2d Cir. 2002) ("amendment to a [complaint] is futile if the proposed claim could not withstand a motion to dismiss").

\*    \*    \*

We have considered the plaintiffs' remaining arguments and conclude they are without merit. For the foregoing reasons, the judgment of the district court is **AFFIRMED**.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

9