| |
|:--:|
| **Mangiardi v Mangiardi** |
| 2024 NY Slip Op 31857(U) |
| May 17, 2024 |
| Supreme Court, New York County |
| Docket Number: Index No. 655292/2023 |
| Judge: Lyle E. Frank |
| Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service. |
| This opinion is uncorrected and not selected for official publication. |

# SUPREME COURT OF THE STATE OF NEW YORK
# NEW YORK COUNTY

PRESENT:     HON. LYLE E. FRANK

*Justice*

PART     11M

-----------------------------------------------------------------------------X

JOHN R MANGIARDI

Plaintiff,

- v -

MAUREEN G MANGIARDI,

Defendant.

-----------------------------------------------------------------------------X

INDEX NO.     655292/2023

MOTION DATE     01/18/2024

MOTION SEQ. NO.     002

**DECISION + ORDER ON MOTION**

The following e-filed documents, listed by NYSCEF document number (Motion 002) 60, 61, 62, 63, 64, 65, 66, 67

were read on this motion to/for       DISMISS       .

The action arises out of allegations that defendant mismanaged trust assets to plaintiff's detriment. Defendant now moves for partial dismissal of the complaint pursuant to CPLR §§ 3211(a)(1), 3211(a)(7), and 3016(b) dismissing the first, second and third causes of action, respectively, breach of fiduciary duty, breach of the duty of good faith and fair dealing, and unjust enrichment.

Plaintiff opposes the motion and cross moves for directing the Defendant to provide the Plaintiff with an Interim Accounting of the Defendant's administration of the Declaration of Trust of Dr. Joseph L. Mangiardi (the "Trust"), and (b) restraining the Defendant from disbursing any Trust monies or assets pending the Defendant's production of annual Trust accounting for each year as of 2001 to the present. For the reasons set forth below, defendant's motion to dismiss is granted and plaintiff's cross-motion is granted in part.

Background

It is well-settled that on a motion to dismiss for failure to state a cause of action pursuant to CPLR § 3211(a)(7), the pleading is to be liberally construed, accepting all the facts as alleged in the pleading to be true and giving the plaintiff the benefit of every possible inference. See *Avgush v Town of Yorktown*, 303 AD2d 340 [2d Dept 2003]; *Bernberg v Health Mgmt. Sys.*, 303 AD2d 348 [2d Dept 2003]. Moreover, the Court must determine whether a cognizable cause of action can be discerned from the complaint rather than properly stated. *Matlin Patterson ATA Holdings LLC v Fed. Express Corp.*, 87 AD3d 836, 839 [1st Dept 2011]. The complaint must contain allegations concerning each of the material elements of a viable legal theory. *Id* (internal quotations omitted).

## Breach of Fiduciary Duty

In order to adequately plead a cause of action for breach of fiduciary duty, plaintiffs must allege the existence of a fiduciary relationship, misconduct by the defendant and damages caused by the misconduct. *See Pokoik v Pokoik*, 115 AD3d 428, 429 [1st Dept 2014]. Pursuant to CPLR § 3016(b), where a cause of action alleges breach of trust, "the circumstances constituting the wrong shall be stated in detail".

Here, contrary to defendant's contention the Court finds that at this point based on the complaint, plaintiff sufficiently alleges a cause of action for breach of fiduciary duty. The complaint alleges that defendant failed to administer the trust responsibly, namely failing to pay taxes and causing a lien to be issued against the trust as well as the failure to distribute to make the requisite distributions to plaintiff, a beneficiary, as required by the trust.

Defendant contends that because the trust is insolvent, this cause of action cannot be sustained. The Court disagrees. The solvency or insolvency of the trust will be determined through discovery and an accounting; relying on defendant's assertion is inappropriate in a

motion to dismiss. As such the portion of defendant's motion that seeks dismissal of this cause of action is denied.

*Breach of Duty of Good Faith and Fair Dealing*

Under New York Law, all contracts imply a covenant of good faith and fair dealing during performance, meaning neither party shall do anything which will have the effect of destroying or injuring the right of the other party to receive the fruits of the contract. *511 W. 232nd Owners Corp. v Jennifer Realty Co.* 98 NY2d 144 [2002] (internal citations omitted).

For a complaint to state a cause of action alleging breach of an implied covenant of good faith and fair dealing, the plaintiff must allege facts which tend to show that the defendants sought to prevent performance of the contract or to withhold its benefits from the plaintiff. *See Aventine Inv. Mgmt., Inc. v. Canadian Imperial Bank of Commerce*, 265 A.D.2d 513, 514 [2d Dep't 1999] *citing Dvoskin v Prinz,* 205 AD2d 661, 662. [2d Dept 1994].

This cause of action must fail because, as a threshold matter, plaintiff has not proffered any facts that infer a contractual relationship with the defendant which would have imposed a duty to act with good faith and fair dealings toward him.

*Unjust Enrichment*

To state a claim for unjust enrichment, a plaintiff must allege "that (1) the other party was enriched, (2) at that party's expense, and (3) that it is against equity and good conscience to permit the other party to retain what is sought to be recovered." *Mandarin Trading Ltd. v. Wildenstein*, 16 NY3d 173, 182 [2011].

The Court finds that the complaint fails to state a claim with respect to this cause of action. The complaint does not contain any additional factual allegation to sustain this cause of action, as such the Court finds it duplicative of the breach of fiduciary duty cause of action.

[* 3]

*Plaintiff's Cross-Motion*

Plaintiff seeks an accounting as well as a preliminary injunction with respect to moneys allegedly held by the trust for distribution. The Court declines to issue a preliminary injunction as plaintiff has failed to establish irreparable harm.

As to the claim for an accounting, defendant concedes that it is required to provide an accounting and is in the process of producing the same. Accordingly, it is hereby

ORDERED that defendant's motion to dismiss the first cause of action is denied; and

ORDERED that defendant's motion to dismiss the second and third causes of action is granted; and it is further

ORDERED that plaintiff's cross-motion is granted in part in that defendant will provide an accounting for the period of January 2023 to present within 75 days and the entirety of the remaining time period from 2000, within 180 days of the date of this Order with Notice of Entry.

20240517155643LFRANK42E8E7A033BC4A93B12EC5C6B1857656

| 5/17/2024 | | | | |
|-----------|---|---|---|---|
| **DATE** | | | **LYLE E. FRANK, J.S.C.** | |
| CHECK ONE: | ☐ CASE DISPOSED | ☒ NON-FINAL DISPOSITION | | |
| | ☐ GRANTED  ☐ DENIED | ☒ GRANTED IN PART | ☐ OTHER | |
| APPLICATION: | ☐ SETTLE ORDER | ☐ SUBMIT ORDER | | |
| CHECK IF APPROPRIATE: | ☐ INCLUDES TRANSFER/REASSIGN | ☐ FIDUCIARY APPOINTMENT | ☐ REFERENCE | |