## Goodman v BSD 685 N.Y. Propco LLC

2024 NY Slip Op 33717(U)

October 21, 2024

Supreme Court, New York County

Docket Number: Index No. 151991/2024

Judge: Lyle E. Frank

Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service.

This opinion is uncorrected and not selected for official publication.

# SUPREME COURT OF THE STATE OF NEW YORK
# NEW YORK COUNTY

PRESENT:    HON. LYLE E. FRANK                    PART                11M

*Justice*

----------------------------------------------------------------------------X

JOHN FLAM GOODMAN, DIANE JOHNSON GOODMAN,        INDEX NO.        151991/2024

Plaintiff,                                       MOTION DATE      05/24/2024

- v -                                            MOTION SEQ. NO.    001

BSD 685 NEW YORK PROPCO LLC, MICHAEL SHVO,
BERLIN ROSEN, LLC
                                                 **DECISION + ORDER ON**
Defendant.                                       **MOTION**

----------------------------------------------------------------------------X

The following e-filed documents, listed by NYSCEF document number (Motion 001) 15, 16, 17, 18, 19, 20, 21, 22, 23, 24, 25, 26, 27, 28

were read on this motion to/for                    DISMISS                    .

This action arises out of an alleged breach of contract between plaintiffs and defendant BSD 685 New York Propco LLC ("BSD"). Plaintiffs also assert claims against defendant Michael Shvo, based on his membership status with BSD and assert claims for defamation *per se* and defamation claims against defendant Berlin Rosen LLC[1].

Defendants now move to dismiss the amended complaint pursuant to CPLR § 3211(a)(1) and (7), BSD moves to dismiss the second, third and fourth causes of action in their entirety and the first cause of action to the extent it seeks damages relating to items omitted from the punch list; defendant Berlin Rosen moves on the grounds that it was not a party to the contract, and that the statement made was not defamatory; defendant Michael Shvo moves to dismiss all claims contending that he was not a party to the contract, and the complaint fails to adequately plead a basis for individual liability. For the reasons set forth below, the motion to dismiss is granted in part.

---

[1] The Court would like to thank Hailee Stangeby for her assistance in this matter.

**151991/2024 Motion No. 001**                                        **Page 1 of 8**

## Background

On November 14, 2022, plaintiffs, as buyers, and defendant BSD, as sellers, entered into a contract for the purchase of 685 Fifth Avenue, Unit 18A, New York, NY. Plaintiffs allege that defendants materially breached the contract by failing to deliver on the agreed upon specifications relating to custom millwork, failing to complete all of the punch list items, and making unauthorized and detrimental modifications to the property.

Defendant Berlin Rosen was not a party to the contract; however, plaintiff alleges that Berlin Rosen, on behalf of and at the direction of BSD and Michael Shvo, made false and defamatory statements about plaintiffs in the *New York Post*. Specifically, the statement was that plaintiff John Goodman's legal action, "is a shameless attempt to use the courts and the press to extort money by an individual with a history of frivolous lawsuits." *See* NYSCEF Doc. 10.

Plaintiff's complaint contains four causes of action: breach of contract, breach of covenant of good faith and fair dealing, defamation *per se*, and defamation.

## Motion to Dismiss Standard

It is well-settled that on a motion to dismiss for failure to state a cause of action pursuant to CPLR § 3211(a)(7), the pleading is to be liberally construed, accepting all the facts as alleged in the pleading to be true and giving the plaintiff the benefit of every possible inference. *See Avgush v Town of Yorktown*, 303 AD2d 340 [2d Dept 2003]; *Bernberg v Health Mgmt. Sys.*, 303 AD2d 348 [2d Dept 2003]. Moreover, the Court must determine whether a cognizable cause of action can be discerned from the complaint rather than properly stated. *Matlin Patterson ATA Holdings LLC v Fed. Express Corp.*, 87 AD3d 836, 839 [1st Dept 2011].

### _Allegations against defendant Michael Shvo_

The concept of "piercing the corporate veil" is a limitation on accepted principles that corporation exists independently of its owners as a separate legal entity, that owners are normally not liable for debts of corporation, and that it is perfectly legal to incorporate for the express purpose of limiting liability of corporate owners. _Morris v New York State Dep't of Tax'n & Fin._, 82 NY2d 135 [1993]. Although there are no definitive rules governing circumstances when corporate veil may be pierced, there is generally required showing that: (1) owners exercised complete domination of corporation in respect to transaction attacked; and (2) such domination was used to commit fraud or wrong against plaintiff which resulted in plaintiff's injury. _Id_.

Further, it has been held by the Court of Appeals that, at the pleading stage, a plaintiff seeking to pierce the corporate veil must adequately allege the existence of a corporate obligation and that the defendant exercised complete domination and control over the corporation and abused the privilege of doing business in the corporate form to perpetrate a wrong or injustice. _Cortlandt St. Recovery Corp. v Bonderman_, 31 NY3d 30 [2018].

Here, a thorough review of the complaint establishes that the complaint fails to state a cause of action as against defendant Shvo for breach of contact.  As to the allegations that Shvo is liable under the piercing the corporate veil theory and alter ego liability, the complaint fails to provide specific allegations that would warrant piercing the corporate veil here. The allegations set forth, such as the text message and "personal involvement" with decisions regarding the plaintiffs' unit are insufficient in to show that Shvo misuse of the corporate form for his own benefit.  Accordingly, the complaint is dismissed in its entirety as to defendant Michael Shvo.

### *First Cause of Action- Breach of Contract*

To state a claim for breach of contract, a plaintiff must allege: (1) the parties entered into a valid agreement, (2) plaintiff performed, (3) defendant failed to perform, and (4) damages. *VisionChina Media Inc. v Shareholder Representative Servs., LLC*, 109 AD3d 49, 58 [1st Dept 2013]. Plaintiff alleges defendants breached the contract by failing to perform items listed on the punch list and failing to deliver "agreed upon specifications" including a lighting cove, armoire, and custom millwork. *See* NYSCEF DOC. 6 ¶¶12-16.

With respect to the armoire, lighting cove, and custom millwork, these specifications were not included in the punch list, and despite plaintiffs asserting that this was inadvertent, defendants are not liable for the modifications as a result of the signed "AS-IS" statement, which was signed by plaintiffs on December 15, 2023, following a pre-closing walkthrough. *See* NYSCEF Docs. 20 and 6 ¶ 20.

The "AS-IS" statement explicitly provides that the plaintiffs have "inspected the Premises and… hereby accept this Premises in its "AS-IS" condition as of the date [t]hereof without any reservations or liabilities by [BSD]" and "hereby release [BSD] from any liabilities with respect to the Premises except as expressly set forth in the Purchase Agreement or the Offering Plan subject to the Punchlist attached." *See* NYSCEF Doc. 20. Based on the plain language of the disclaimer, defendants are not liable for the modifications outside of the punch list. Accordingly, the motion to dismiss the cause of action against BSD relating to items omitted from the punch list is granted.

### *Second Cause of Action - Breach of Implied Covenant of Good Faith and Fair Dealing*

Under New York Law, all contracts imply a covenant of good faith and fair dealing during performance, meaning neither party shall do anything which will have the effect of

destroying or injuring the right of the other party to receive the fruits of the contract. *511 W. 232nd Owners Corp. v Jennifer Realty Co.* 98 NY2d 144 [2002] (internal citations omitted).

For a complaint to state a cause of action alleging breach of an implied covenant of good faith and fair dealing, the plaintiff must allege facts which tend to show that the defendants sought to prevent performance of the contract or to withhold its benefits from the plaintiff. *See Aventine Inv. Mgmt., Inc. v. Canadian Imperial Bank of Commerce*, 265 A.D.2d 513, 514 [2d Dep't 1999] *citing Dvoskin v Prinz,* 205 AD2d 661, 662 [2d Dept 1994].

Here, plaintiffs allege defendants breached the covenant of good faith and fair dealing by failing to disclose their knowledge of the alleged defects to plaintiffs, and knowingly and intentionally refusing to make appropriate adjustments. *See* NYSCEF DOC. 6 ¶¶ 55,56. Defendants assert that this cause of action must be dismissed, as duplicative of the first cause of action and alleging the same damages. *See* NYSCEF DOC. 21.

Here, Defendants correctly assert that this second cause of action is duplicative of the first action. Plaintiffs allege the same conduct and same damages for both the breach of contract and breach of implied covenant of good faith and fair dealing cause of actions and is "premised on the same conduct that underlies the breach of contract." *See ABN AMRO Cap. USA LLC v. AMERRA Cap. Mgmt., LLC*, 211 AD3d 566, 567 [2022] (quoting *MBIA Ins. Corp. v Merrill Lynch*, 81 AD3d 419, 419-420 [1st Dept 2011]). Accordingly, the motion to dismiss the second cause of action is granted.

### *Third and Fourth Causes of Action – Defamation Per Se and Defamation*

To be successful on a defamation claim, plaintiffs must prove that defendant made "a false statement, published without privilege or authorization to a third party, constituting fault as judged by, at a minimum, a negligence standard, and it must either cause special harm or

[* 5]

constitute defamation per se." *Epifani v Johnson*, 65 AD3d 224, 233 [2009] [internal quotations and citations omitted]). The complaint must set forth the particular words allegedly constituting defamation, the time, place and manner in which the false statement was made and specify to whom it was made. *See id.*; CPLR 3016[a]; *Dillon v City of New York*, 261 AD2d 34, 38 [1999]).

A defamatory statement is libelous per se "if the statement tends to expose the plaintiffs to public contempt, ridicule, aversion or disgrace, or induce an evil opinion of him in the minds of right-thinking persons, and to deprive him of their friendly intercourse in society." *Matovcik v Times Beacon Record Newspapers*, 46 AD3d 636, 637 [2007] [internal quotations and citations omitted]. "In evaluating whether a cause of action for defamation is successfully pleaded, the words must be construed in the context of the entire statement or publication as a whole, tested against the understanding of the average reader, and if not reasonably susceptible of a defamatory meaning, they are not actionable and cannot be made so by a strained or artificial construction. *Dillon*, 261 AD2d at 38 [citations omitted]. Certain statements are not actionable, like expressions of opinions, loose, figurative or hyperbolic statements, even if deprecating the plaintiffs, or an employer's assessment of an employee's job performance. *See id.*; *Rinaldi v Holt, Rinehart & Winston, Inc.*, 42 NY2d 369, 380 [1977] [internal quotations and citations omitted]. Truth is a complete defense to defamation. *See Rinaldi*, 42 NY2d at 380. Whether a particular statement constitutes fact or opinion is a question of law. *Id.* at 381.

Plaintiffs set forth that defendant Berlin Rosen described the plaintiffs' legal action as "a shameless attempt to use the courts and the press to extort money by an individual with a history of frivolous lawsuits." *See* NYSCEF DOC. 10. Plaintiff has provided the "particular words" and has alleged the "time, place and manner in which the false statement was made," and "specified to

[* 6]

whom it was made" within the complaint. *See* NYSCEF DOC. 6 ¶¶ 36, 37, 73-82; *see also Epifani v Johnson*, 65 AD3d 224, 233 [2009]; *see also* CPLR 3016[a]; *see also Dillon*, 261 AD2d at 38. Therefore, at this stage in litigation, plaintiffs have sufficiently pled this cause of action and defendant's motion to dismiss is denied.

For the defamation *per se* cause of action, Defendants have alleged the statement made in the *New York Post* article "accuses Plaintiffs of committing the serious crime of extortion and of engaging in a pattern of filing false, frivolous, and fraudulent lawsuits, which are acts of moral turpitude." *See* NYSCEF DOC. 6. ¶ 76. Upon viewing the statement as well as the entirety of the publication, and testing "against the understanding of the average reader" the statement made by Berlin Rosen regarding plaintiffs' legal action can be considered "reasonably susceptible of a defamatory meaning." *See Dillon*, 261 AD2d at 38. Therefore, plaintiffs cause of action alleging defamation *per se* will survive this motion to dismiss.

## *Oral Argument-Citation*

During oral argument, counsel for the defendants brought to this Court's attention a potentially non-existent quotation and citation included in plaintiffs' opposition papers. Plaintiffs' counsel was directed to look into the matter and respond to the Court regarding the origin of the quotation and the appropriate citation. To date, plaintiffs' counsel has not contacted the Court as directed. In order for the plaintiffs' counsel to have an opportunity to be heard as to whether sanctions for this apparent non-existent citation, the Court is holding in abeyance a determination on sanctions as indicated below. Accordingly, it is hereby

ORDERED that counsel for plaintiffs is directed to submit an affirmation answering why sanctions should not be awarded not more than 7 days following the date of service of this Decision and Order with notice of entry; and it is further

ORDERED that the complaint is dismissed in its entirety as against defendant Michael Shvo; and it is further

ORDERED that the defendants' motion to dismiss plaintiffs' first cause of action with respect to items omitted from the punch list is granted; and it is further

ORDERED that defendants' motion to dismiss plaintiffs' second cause of action is granted; and it is further

ADJUDGED that the remainder of the instant motion is denied.

20241021165600LFRANK13B6A4744E68405D838A4EF6274713E1

| 10/21/2024 | | | LYLE E. FRANK, J.S.C. | |
|---|---|---|---|---|
| DATE | | | | |

| CHECK ONE: | ☐ CASE DISPOSED | | ☒ NON-FINAL DISPOSITION | |
|---|---|---|---|---|
| | ☐ GRANTED | ☐ DENIED | ☒ GRANTED IN PART | ☐ OTHER |
| APPLICATION: | ☐ SETTLE ORDER | | ☐ SUBMIT ORDER | |
| CHECK IF APPROPRIATE: | ☐ INCLUDES TRANSFER/REASSIGN | | ☐ FIDUCIARY APPOINTMENT | ☐ REFERENCE |